TAYLOR, J.
Alamo Financing, L.P., appeals a final order denying its motion for attorney’s fees pursuant to a proposal for settlement. Because we conclude that the proposal was valid, we reverse.
On April 22, 2007, the plaintiff, Matthew Mazoff, exited his vehicle to assist the occupants of an overturned vehicle. While he was helping them, a vehicle owned by Alamo Financing and operated by renter Paola Alvarado-Fernandez struck the overturned vehicle, which in turn struck the plaintiff and injured him. A separate entity, Alamo Rental (US) Inc., rented the vehicle to Alvarado-Fernandez.
In 2009, the plaintiff filed a lawsuit seeking damages from Alamo Financing and Alvarado-Fernandez. In the first amended complaint, the plaintiff alleged that Alamo Financing was vicariously liable for the negligence of Alvarado-Fernandez. The plaintiff did not plead any other theory of liability against Alamo Financing.
In March 2010, Alamo Financing served a proposal for settlement on the plaintiff, offering the plaintiff $13,335.00 to resolve “[a]ll Claims made in the present action by the party to whom this proposal is made including any claims that could be made against Defendant ALAMO FINANCING, L.P., which arise out of the same occurrence or event set forth in this action.” One of the conditions of the proposal was that the plaintiff would execute a stipulation for dismissal with prejudice as to Alamo Financing. Another condition of the proposal was that the plaintiff would execute a release in favor of Alamo Financing. Specifically, that condition stated:
(4) Plaintiff shall execute a general release of the Defendant, ALAMO FINANCING, L.P., in the form general release attached as Exhibit “A”. If no release is attached or Plaintiff objects to the form of the release in Exhibit “A”, then a general release to effectuate a settlement as contemplated by Erhardt v. Duff, 729 So.2d 529 (Fla. 4th DCA 1999).
The general release attached to the proposal for settlement provided that the plaintiff would release Alamo Financing and “their parent corporations, subsidiaries, officers, directors, and employees” from any and all claims. The plaintiff did not respond to the proposal for settlement within 30 days and therefore it was *628 deemed rejected. Fla. R. Civ. P. 1.442(f)(1).
Alamo Financing moved for summary judgment, arguing that it was entitled to judgment in its favor as a matter of law under 49 U.S.C. § 30106 (the “Graves Amendment”), which generally precludes states from imposing vicarious liability on a lessor of a motor vehicle for the negligence of the lessee.
In September 2010, shortly before the summary judgment hearing, the plaintiff moved for leave to file a second amended complaint, in part to add Alamo Rental as a defendant in the lawsuit. In his proposed second amended complaint, the plaintiff alleged that Alamo Rental was negligent for failing to properly inspect the driver’s license of Alvarado-Fernandez, a resident of Columbia, before renting the vehicle to her.
The trial court granted Alamo Financing’s motion for summary judgment, but also granted the plaintiff leave to file a second amended complaint. The trial court ultimately entered final judgment in favor of Alamo Financing and later denied the plaintiffs motion to vacate the final judgment. Our court affirmed the final judgment in favor of Alamo Financing without written opinion. See Mazoff v. Alvarado-Fernandez, 98 So.3d 581 (Fla. 4th DCA 2012) (table decision).
After the final judgment was entered in its favor, Alamo Financing moved for attorney’s fees and costs based upon the proposal for settlement that the plaintiff had rejected. At the hearing on the motion, the plaintiffs counsel argued to the court that he learned in a September 2010 deposition that Alamo Financing was not the entity that rented the vehicle to Alvarado-Fernandez. Instead, a separate entity called “Alamo Rental” had rented the vehicle to the driver. The plaintiffs counsel suggested that “had we accepted this proposal, we would have released Alamo Rental....” Defense counsel disputed this argument, claiming that the release would not have applied to Alamo Rental. Defense counsel stated that Alamo Rental was an “affiliate” of Alamo Financing, but was not a subsidiary. The trial court took the matter under advisement.
The trial court later entered a written order denying Alamo Financing’s motion for attorney’s fees, finding that the proposed release, which included language releasing parent corporations and subsidiaries, “may have extinguished” the plaintiffs current claim against Alamo Rental.
On appeal, Alamo Financing contends that the trial court erred in denying the motion for attorney’s fees, arguing that the reference to “subsidiaries” in the general release attached to the proposal for settlement did not render the proposal ambiguous. We agree.
The standard of review in determining whether a proposal for settlement is ambiguous is de novo. Nationwide Mut. Fire Ins. Co. v. Pollinger, 42 So.3d 890, 891 (Fla. 4th DCA 2010). The requirements for a valid proposal for settlement are set forth in section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. The offer of judgment statute and rule must be strictly construed, as they are in derogation of the common law rule that each party pay its own attorney’s fees. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
“Because the offer of judgment statute and related rule must be strictly construed, virtually any proposal that is ambiguous is not enforceable.” Hibbard ex rel. Carr v. McGraw, 918 So.2d 967, 971 (Fla. 5th DCA 2005). However, “given the nature of language, it may be impossible to *629 eliminate all ambiguity” in a proposal for settlement. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla. 2006). “The rale does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” Id. “Therefore, parties should not ‘nit-pick’ the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could ‘reasonably affect the offeree’s decision’ on whether to accept the proposal for settlement.” Carey-All Transp., Inc. v. Newby, 989 So.2d 1201, 1206 (Fla. 2d DCA 2008) (quoting Nichols, 982 So.2d at 1079).
Rule 1.442 makes it clear that proposals for settlement must state with particularity any relevant conditions and all non-monetary terms. Fla. R. Civ. P. 1.442(c)(2)(C)-(D). A release is a condition or non-monetary term that must be described with particularity in a proposal for settlement. Nichols, 932 So.2d at 1078. A proposal for settlement must include either 1) the language of the proposed release; or 2) a summary of the proposed release, as long as the summary “eliminates any reasonable ambiguity about its scope.” Id. at 1079. “Traditionally, general releases have included expansive language designed to protect the offeror from unforeseen developments or creative maneuvering by the other party. Such language can be sufficiently particular to satisfy rule 1.442.” Id. “The rule aims to prevent ambiguity, not breadth.” Id.
In Board of Trustees of Florida Atlantic University v. Bowman, 853 So.2d 507, 509 (Fla. 4th DCA 2003), we found the defendant’s proposal for settlement to be unambiguous even though the defendant attached a general release containing language which, similar to the release in this case, defined the released party very broadly to include the defendant’s heirs, legal representatives, agents, employees, attorneys, subsidiaries, affiliates, and parent corporations, among others. We explained that such language “is simply standard language in a general release that should be considered unambiguous and should not invalidate the proposal.” Id. at 510.
Similarly, in Jessla Construction Corp. v. Miami-Dade County School Board, 48 So.3d 127 (Fla. 3d DCA 2010), the Third District found Bowman instructive and concluded that a general release — which defined the plaintiff as including past, present and future affiliates, subsidiaries, and parent companies — did not invalidate the defendant’s proposal for settlement. The court concluded that such language was not too broad and was typical of the language contained in many general releases. Id. at 131.
Here, the proposal for settlement was sufficiently clear and definite to allow the plaintiff to make an informed decision without needing clarification. The plaintiffs allegations of ambiguity are unpersuasive.
The plaintiff first suggests that the proposal was ambiguous because it could be read to extinguish his claims against Alvarado-Fernandez. Although this was not the basis for the trial court’s ruling, the plaintiff argues that the proposal was an improper undifferentiated joint offer or was at least ambiguous on this point. As noted above, the proposal for settlement sought to resolve “[a]ll Claims made in the present action by the party to whom this proposal is made including any claims that could be made against Defendant ALAMO FINANCING, L.P., which arise out of the same occurrence or event set forth in this action.”
The plaintiff contends that the proposal did not merely seek to resolve all claims against Alamo Financing, but rather *630 sought to resolve “all claims made in the present action” by the plaintiff. To be sure, the plaintiffs argument is mildly seductive at first glance. The complained-of sentence is poorly drafted because it does not include any commas to clarify which claims the phrase “against Defendant ALAMO FINANCING” refers to.[1] Therefore, at least when read in isolation, the complained-of sentence could be plausibly interpreted as resolving “all claims made in the present action” by the plaintiff.
Nonetheless, while the plaintiffs reading of the complained-of sentence is grammatically possible, it is substantively unreasonable. A contract is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction. See Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla.1979). The plaintiffs interpretation of the proposal for settlement ignores the well-established principle that “the intention of the parties must be determined from an examination of the entire contract and not from separate phrases or paragraphs.” Moore v. State Farm Mut. Auto. Ins. Co., 916 So.2d 871, 875 (Fla. 2d DCA 2005).
Here, any potential ambiguity in the complained-of sentence is clarified by ref-erenee to the proposal for settlement as a whole. Notably, the proposal for settlement named only Alamo Financing as the party making the proposal. Further, the proposal stated that the only party to be dismissed from the lawsuit was Alamo Financing. Finally, the proposed release would not have released Alvarado-Fernandez, but rather would have released only Alamo Financing and its “parent corporations, subsidiaries, officers, directors, and employees.” Therefore, when the proposal for settlement is read as a whole, giving effect to all provisions therein without reading any one provision in isolation, it is clear that the proposal was not an undifferentiated joint offer and it would not have extinguished the plaintiffs claims against Alvarado-Fernandez.[2]
The plaintiff also argues that the proposal is ambiguous because it could have been construed to constitute a release of his claims against Alamo Rental. However, the expansive language in the proposed release did not render it ambiguous. “The rule aims to prevent ambiguity, not breadth.” Nichols, 932 So.2d at 1079. Under the reasoning of Bowman, the language in the general release providing that the plaintiff would release the “parent corporations, subsidiaries, officers, directors, and employees” of Alamo Financing was *631 unambiguous standard release language that did not render the proposal invalid. The release clearly provided that the plaintiff would release Alamo Financing and “their parent corporations, subsidiaries, officers, directors, and employees” from any and all claims. While broad, the release is not ambiguous.
Notably, at the time the proposal for settlement was made in this case, the proposal did not require the release of any defendant other than Alamo Financing.[3] At that time, there were no claims pending against Alamo Rental. Indeed, plaintiffs counsel acknowledged that he first learned of Alamo Rental’s involvement in this matter at a September 2010 deposition, which was five months after the proposal for settlement had expired. Thus, the release did not contain any ambiguity which would have reasonably affected the plaintiffs decision at the time the proposal for settlement was made.
We acknowledge that, when presented with the proposal for settlement, the plaintiff may have wished to conduct discovery to find out whether there were any viable causes of action (other than those barred by the Graves Amendment) against Alamo Financing or any related entity. This strategic decision does not, however, change the fact that the language of the release was unambiguous. A proposal for settlement cannot be deemed retroactively ambiguous on the theory that the proposal might have extinguished a hypothetical claim against an entity that was unknown to the plaintiff at the time the proposal was made and that was not added to the lawsuit until well after the proposal expired.[4]
In sum-, we hold that the proposal for settlement was not an undifferentiated joint offer and that it would not have extinguished the plaintiffs claims against Alvarado-Fernandez. We also hold that the language in the general release providing that the plaintiff would release the “parent corporations, subsidiaries, officers, directors, and employees” of Alamo Financing was unambiguous standard release language that did not render the proposal invalid. Because the proposal for settlement was unambiguous, the trial court erred in denying Alamo Financing’s motion for attorney’s fees and costs based upon the proposal. We reverse and remand for the trial court to award reasonable attorney’s fees and costs to Alamo Financing.

Reversed and Remanded for proceedings consistent with this opinion.

MAY, C.J., and CONNER, J., concur.

. The proposal could be read to resolve “[a]ll Claims made in the present action by the party to whom this proposal is made[,] including any claims that could be made[J against Defendant ALAMO FINANCING, L.P.” Under such a reading, the proposal would resolve only the claims made in the present action (including any claims that could be made) against Alamo Financing. However, the proposal could also be read to resolve "[a]ll Claims made in the present action by the party to whom this proposal is made[,] including any claims that could be made against Defendant ALAMO FINANCING, L.P.” Under such a reading, the proposal would resolve all claims in the present action, of which the claims that could be made against Alamo Financing would be a sub-set.

. Although not argued by the parties, there is yet another reason why the proposal should not be read as extinguishing the plaintiff’s claims against Alvarado-Fernandez, or even as being ambiguous on this point. Under the maxim "expressio unius est exclusio alterius,” the mention of "any claims ... against Defendant ALAMO FINANCING, L.P.” in the proposal for settlement implied the exclusion of any claims against any other defendants. Cf. United States v. First Nat’l Bank of Crestview, 513 So.2d 179, 181 (Fla. 1st DCA 1987) ("the maxim ‘expressio unius est exclusio alterius' applies to contracts as well as statutes”).

. For this reason, the plaintiff's reliance upon Duplantis v. Brock Specialty Services, Ltd., 85 So.3d 1206 (Fla. 5th DCA 2012), is misplaced.

. In any event, there is no evidence in the record that Alamo Rental was in fact a subsidiary or parent corporation of Alamo Financing, such that the release would have actually foreclosed the plaintiff's claim against Alamo Rental.