Gerber, J.
The defendant appeals from the circuit court’s order denying the defendant's motion for attorney’s fees. The defendant argues the court erred in finding that the defendant’s proposals for settlement were ambiguous and unenforceable. We agree with the defendant and reverse.

*945
Procedural History

The plaintiffs sued the defendant for negligence arising from a slip and fall. The defendant served one proposal for settlement upon the plaintiff wife who sued for her injuries in the slip and fall, and the other proposal upon the plaintiff husband who sued for the loss of the wife’s consortium. The proposals were identical, except for the amounts which the defendant offered to each plaintiff.
The proposals’ relevant paragraphs stated:
1. The Defendant ... hereby proposes to offer [amount], inclusive of fees and costs, in settlement of all the claims contained in the above-styled matter, and any and all potential claims the Plaintiff ... could make against the Defendant arising out of the same facts and circumstances referred to in the above-styled matter.
2. The relevant conditions to this proposal are that Plaintiff ... will execute a general release, releasing the Defendant ... from any and all claims raised or potentially raised against the Defendant arising out of the incident referred to in the above-styled matter (see attached proposed Release); Plaintiffs counsel will execute a Joint Stipulation for and Dismissal with Prejudice. Upon receipt of the signed Release and Stipulation for Dismissal, Defendant shall forward the settlement check to Plaintiff’s counsel. After Defendant has forwarded the settlement check to Plaintiffs counsel, the Stipulation and Dismissal shall be sent to the Court along with an Order of Dismissal for the Court to execute.
3. Defendant and Plaintiff will bear their own costs and attorney’s fees. The amount being offered does not specifically include attorneys’ fees because attorneys’ fees are not part of the claim in this case.
4. The figure against-which the Defendant intends to measure-this proposal for settlement is the amount of the “judgment obtained,” as this term is defined in Section 768.79, Florida Statutes.
5. This figure does not include punitive damages as there is no claim for punitive damages.
6. This proposal is intended to terminate all claims and disputes and obviate the need for further intervention of the judicial process.
The release mentioned in paragraph 2 was attached to each proposal. The release referred to the defendant as “Second Parties” and further stated, in pertinent part:
When used with reference to a corporation, the term “Second Parties” shall include both the singular and the plural, it shall include any and all related, associated or affiliated companies, any and all related, associated or affiliated parent companies, corporations, partnerships, sole proprietorships, business entities, representatives, successors, insurers, attorneys, third party administrators, privies and assigns, together with each of their respective past, present and future officers, directors, shareholders, servants, agents, employees, representatives, partners, trustees, attorneys, insurers, predecessors, successors, privies, assigns, parent corporations, subsidiaries and any and all other related, affiliated or associated persons, partnerships, corporations, firms, or business entities of any type.
The release proceeded to state that the plaintiffs, by signing the release, agreed to:
HEREBY remise, release, acquit, satisfy, and forever discharge the said Second Parties, of and from all, and. all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, *946 bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, which said First Party ever had, now has, or which any personal representative, successor, heir or assign of said First Party, hereafter can, shall or may have, against said Second Parties, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the end of these presents.
This release specifically covers, but is not limited to, any and all claims for personal injuries, pain and suffering, hospitals, doctors and nurses and all medical expenses and claims for lost wages and future lost wages, and extra-contractual damages as a result of the incident and matters set forth in that certain lawsuit referred to as [case caption].
The plaintiffs did not accept the defendant’s proposals for settlement. The defendant ultimately filed a motion for summary judgment. The court granted the defendant’s motion.
The defendant then filed a motion to tax costs and attorney’s fees pursuant to its proposals for settlement. The plaintiffs filed a response, arguing: (1)'" the defendant did not make the proposals in “good faith”; (2) the proposals were “improper”; and (3) the defendant did not strictly comply with Florida Rule of Civil Procedure 1.442 because the defendant “did not properly state whether the proposal includes attorneys’ fees.”
The court granted the defendant’s motion to tax costs. However, the court denied the defendant’s motion for attorney’s fees on grounds not raised in the plaintiffs response. The court found:
[E]ach of Defendant’s Proposals for Settlements [are] ambiguous and unenforceable as contended by Plaintiffs in their Response, because the Proposals for Settlement contain narrow language offering to release only the Defendant ... and release only claims arising out of the facts and circumstances referred to in this lawsuit, while the proposed Releases attached to the Proposals for Settlement contain broader language releasing individuals or entities in addition to [the defendant] and releasing claims or potential claims more than and broader than only the claims related to the facts and circumstances in this lawsuit.
This appeal followed. The defendant argues the court erred in finding that the defendant’s proposals for settlement were ambiguous and unenforceable. More specifically, the defendant argues “well-settled Florida law says that the use of a standard general release as a condition of a proposal for settlement is proper and does not invalidate the proposal and because on-point case law says the language in [the defendant’s] proposed releases is not ambiguous.”

Analysis

Our review of this argument is de novo. See Kuhajda v. Borden Dairy Co. of Ala., LLC, 202 So.3d 391, 393-94 (Fla. 2016) (“The eligibility to receive attorney’s fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo.”) (citation omitted). We agree with the defendant’s argument.
To the extent the court found “the proposed Releases attached to the Proposals for Settlement contain broader language releasing individuals or entities in addition to [the defendant],” such a finding is inconsistent with our precedent. In Board of Trustees of Florida Atlantic University v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003), the defendant attached to the settlement proposal a general release, which defined the “First Party” and “Second Party” broadly, as including:
*947 [S]ingular and plural, heirs, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, parent corporations, and each of their respective present and former officers, agents, employees including, but not limited to, shareholders, directors, attorneys, insurers, sureties, successors and assigns of corporations, agencies, or political bodies, wherever the context so admits or requires.
Id. at 508. We found the broad language in the general release, “even though expansive, is typical of other general releases and is clear and unambiguous.” Id. at 509. Similarly, in Alamo Financing, L.P. v. Mazoff, 112 So.3d 626 (Fla. 4th DCA 2013), we found a release provision including the defendant’s “parent corporations, subsidiaries, officers, directors, and employees” was “unambiguous standard release language that did not render the proposal invalid.” Id. at 631. Here, although the releases’ description of the “Second Parties” is more expansive than the descriptions in Bowman or Alamo, the effect is the same. The “Second Parties” definition is “typical of other general releases and is clear and unambiguous.” Bowman, 853 So.2d at 509.
To the extent the court found “the proposed Releases attached to the Proposals for Settlement contain broader language releasing ... claims more than and broader than only the claims related to the facts and circumstances in this lawsuit,” such a finding also is inconsistent with precedent. The releases stated the plaintiffs would agree to release the defendant “for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the day of these presents.” However, “[fit is well-established that this type of all-inclusive language will bar all claims which have matured prior to executing the release.” Plumpton v. Cont’l Acreage Dev. Co., Inc., 830 So.2d 208, 210 (Fla. 5th DCA 2002); see also Bowman, 853 So.2d at 508-09 (language releasing defendant from cause of action “from the beginning of the world to the day of these presents” did not bar any claims the plaintiff may have against the defendant after the release’s execution date).
Our conclusion in this case is consistent with our supreme court’s precedent. “[Rule 1.442] does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla. 2006). For that reason, courts are discouraged from “nitpicking” settlement proposals for ambiguities, unless the asserted ambiguity could “reasonably affect the offeree’s decision” on whether to accept the settlement proposal. Anderson v. Hilton Hotels Corp., 202 So.3d 846, 853 (Fla. 2016) (citation and internal quotation marks omitted). Here, we conclude the proposals for settlement and accompanying releases were sufficiently clear and definite to allow the plaintiffs to make an informed decision on whether to accept the proposals.
Based on the foregoing, we reverse the circuit court’s order denying the defendant’s motion for attorney’s fees. We remand for the court to enter an order granting the defendant’s motion for attorney’s fees and setting an evidentiary hearing to determine the amount of attorney’s fees which the defendant is entitled to recover from the plaintiffs.

Reversed and remanded for proceedings consistent with this opinion.

Warner and Kuntz, JJ., concur.