DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GOLISTING.COM, INC.,** d/b/a PALM BEACH PREMIER
REAL ESTATE, a Florida corporation,
Appellant,

v.

**JOHN PAPERA,** individually, and **CHRISTINE
PAPERA,** individually,
Appellees.

No. 4D16-378

[October 11, 2017]

Appeal and cross-appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie Goodman and Martin Colin, Judges; L.T. Case No. 2013CA004408XXXXMB.

Stephen J. Padula and Joshua Widlansky of Padula Bennardo Levine, LLP, Boca Raton, for appellant.

Aaron M. Cohen of Aaron M. Cohen, P.A., Delray Beach, for appellees.

KLINGENSMITH, J.

In this dispute involving a real estate sales commission in which appellant GoListing.com, Inc. d/b/a Palm Beach Premier Real Estate ("PBPRE") prevailed at trial, PBPRE appeals the trial court's refusal to enforce its pretrial settlement proposal. Concurrently, appellees, John Papera and Christine Papera, ask this Court to reverse the trial court's denial of their motion for summary judgment. We affirm the trial court's denial of summary judgment without comment, but reverse the court's order denying attorney's fees because PBPRE's proposal was not ambiguous.

PBPRE filed a lawsuit against the Paperas, alleging that the Paperas failed "to tender the required real estate commission from the sale of the Paperas' property." The jury ultimately returned a verdict in favor of PBPRE for $51,000.

PBPRE moved for attorney's fees and costs, arguing that it was entitled to attorney's fees because the Paperas rejected PBPRE's settlement proposals. The proposal sent to Mr. Papera contained the following provisions:

> 1. This Proposal for Settlement (the "Proposal") is being made by the Plaintiff, PBPRE, to the Defendant, John Papera.
> 2. This Proposal, if accepted, is intended to terminate the litigation in its entirety, as it pertains to PBPRE's claims against Defendants. Specifically, this Proposal is intended to resolve all claims in this action asserted by PBPRE against Defendants.
> 3. The total amount of the Proposal is Forty Thousand Dollars ($40,000.00) to be paid by Defendant John Papera to PBPRE.
> 4. The relevant conditions and particular terms of this Proposal are as follows: John Papera shall pay the amount stated above in paragraph 3 to PBPRE. Upon PBPRE's receipt of said payment, PBPRE shall file a stipulation for voluntary dismissal with prejudice of all counts asserted by PBPRE against Defendants within ten (10) days.

After the first sentence in paragraph two, PBPRE provided the following footnote:

> An identical Proposal for Settlement has been proposed to Defendant Christine Papera. Therefore, if either Defendant accepts their Proposal, PBPRE will terminate the litigation in its entirety, as it pertains to both Defendants. Put another way, if Defendant John Papera accepts this Proposal, PBPRE will dismiss its claims against both John and Christine Papera. Therefore, it should be clear to both Defendants that PBPRE is not seeking $40,000.00 from each Defendant, but is instead seeking a total of $40,000.00 from both Defendants. In the unlikely event that both Defendants timely accept and tender the $40,000.00 to Plaintiff, then Plaintiff shall return $20,000.00 to each Defendant.

As indicated, a separate proposal was sent to Mrs. Papera that was identical to the proposal sent to her husband, except that it was directed specifically to Mrs. Papera.

The Paperas argued below that the court should deny PBPRE's motion for attorney's fees because PBPRE "failed to apportion the settlement amount to each Defendant as required by Florida Rule of Civil Procedure

2

1.442(c)(3)." They argued that even though PBPRE sent multiple proposals, the proposals were an improper joint proposal because they were identical and failed to apportion the amount so that the Paperas could independently evaluate the offers.

The trial court agreed and denied the motion for fees, ruling that PBPRE failed to apportion the $40,000 settlement offer between John Papera and Christine Papera. This appeal followed.

"The standard of review in determining whether a proposal for settlement is ambiguous is de novo." *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011).

Florida's offer of judgment statute, section 768.79, Florida Statutes (2013), and the rule implementing it, Florida Rule of Civil Procedure 1.442, are intended to reduce litigation costs by encouraging settlement. *Kuhajda v. Borden Dairy Co. of Alabama*, 202 So. 3d 391, 395 (Fla. 2016). They act as a sanction against a party who rejects a reasonable settlement offer. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013). They are also "in derogation of the common law rule that parties are responsible for their own attorney's fees, and thus the statute and rule must be strictly construed." *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007).

Settlement proposals must "be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions." *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002). Although settlement proposals should be unambiguous, "[rule 1.442] does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). "Therefore, parties should not 'nit-pick' the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could 'reasonably affect the offeree's decision' on whether to accept the proposal for settlement." *Carey–All Transp., Inc. v. Newby*, 989 So. 2d 1201, 1206 (Fla. 2d DCA 2008) (quoting *Nichols*, 932 So. 2d at 1079)).

Rule 1.442(c)(3) provides that "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." "The purpose of the apportionment requirement in the rule is to allow each offeree to evaluate the terms and

the amount of the offer as it pertains to him or her." *Pratt v. Weiss*, 161 So. 3d 1268, 1272 (Fla. 2015).

Here, there was sufficient apportionment set forth under the terms of PBPRE's settlement proposal. The wording made it clear that the offer to settle was $40,000. Both defendants were adequately apprised of the amount needed to accept their respective offers. The conditions became effective only after acceptance. If one defendant accepted the proposal but the other did not, PBPRE would consider the case settled and dismiss the action against both defendants. The footnote also explained that PBPRE would provide a refund if the codefendant accepted the same offer. However, neither condition made the offer to either party ambiguous. The provision for a potential refund does not negate that there was an apportionment of the joint settlement proposal between the parties. In sum, the Paperas decided, either jointly or separately, to reject PBPRE's settlement proposal for $40,000. Therefore, they are liable for attorney's fees under section 768.79 and rule 1.442.

*Affirmed in part and reversed in part.*

CONNER and FORST, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**