DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA,**
Appellant,

v.

**MARJORIE BRANFORD,**
Appellee.

No. 4D19-3950

[February 24, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE16-003198.

Bretton C. Albrecht and Caryn L. Bellus of Kubicki Draper, P.A., Miami, for appellant.

Erin M. Berger and Melissa A. Giasi of Giasi Law, P.A., Tampa, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order denying its motion for attorney's fees under section 768.79, Florida Statutes (2019), and Florida Rule of Civil Procedure 1.442. The defendant argues the circuit court erred in finding the defendant's proposal for settlement and release were ambiguous and thus not enforceable.

We agree with the defendant's argument, and therefore reverse the circuit court's order denying the defendant's motion for attorney's fees. We remand for the court to enter an order granting the defendant's motion for attorney's fees and setting an evidentiary hearing to determine the amount of attorney's fees which the defendant is entitled to recover from the plaintiff.

### ***Procedural History***

This case arose from the plaintiff's water damage claim under a homeowner's policy issued by the defendant. After the defendant denied

coverage, the plaintiff sued the defendant for breach of contract. The plaintiff's complaint sought $58,601.35 in damages.

The defendant served a proposal for settlement upon the plaintiff. The proposal's relevant paragraphs stated:

> This proposal for settlement is made to the Plaintiff, MARJORIE BRANFORD.
>
> ....
>
> The proposal is made in an attempt to resolve any and all claims made by or which may have been made by Plaintiff ... against [Defendant] and all damages that would otherwise be awarded in a final judgment, including Plaintiff's taxable costs and reasonable attorneys' fees presently accrued, arising out of the insurance claim at issue in Case No. CACE-16-003198, presently pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.
>
> ....
>
> If accepted, Plaintiff ... shall execute the Release attached hereto ... and shall authorize her counsel to execute the Stipulation for Dismissal with prejudice attached ....

(paragraph numbers omitted).

The release mentioned above was attached to the proposal. The release stated in pertinent part:

> In consideration of the total sum of [$1,000.00] ... paid by and on behalf of [Defendant] and each of its past and present parent, subsidiary and affiliated companies, ... (hereinafter collectively referred to as the "Releasees") to MARJORIE BRANFORD (hereinafter referred to as "BRANFORD", "Plaintiff" or "Releasor") on her own behalf, and on behalf of her agents, heirs, spouses, successors, assigns, executors, administrators, representatives, attorneys, and any other person or entity purportedly claiming any rights through her (hereinafter collectively referred to with Plaintiff as the "Releasor"), Releasor hereby release, remise, acquit, and forever discharge Releasees of and from any and all claims, actions, causes of action, suits, accounts, debts, demands,

2

and liabilities of every name and nature, both in law and equity, whether known or unknown, asserted or unasserted, accrued or unaccrued, from the beginning of time to the date of this Release, in connection with, related to, or arising out of, the events and insurance claim under Policy No. AIH233181 to [Plaintiff], issued by [Defendant], ... bearing claim number ACH119310, and which is the subject of the lawsuit captioned MARJORIE BRANFORD v. AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA, Case No. CACE-16-003198, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Litigation"), including without limitation, any claims or causes of action in any way pertaining to the claim for insurance benefits alleged by the Plaintiff in the Litigation, including but not limited to all claims of property damage arising from a water loss and ensuing damages claim on or about August 19, 2014, compensatory damages, causes of action, attorneys' fees, interest and costs, liabilities, and judgments (including, but not limited to, all claims in equity, under local, federal, or state tort, contract, extra-contractual, "bad faith" or statutory law).

The plaintiff did not accept the defendant's proposal for settlement. The defendant ultimately filed a motion for summary judgment. The circuit court granted the defendant's summary judgment motion and entered a final judgment in the defendant's favor. The plaintiff appealed from the final judgment and we affirmed without opinion. *Branford v. Am. Integrity Ins. Co. of Fla.*, 297 So. 3d 551 (Fla. 4th DCA 2020).

In the interim, the defendant filed its motion to tax costs and attorney's fees pursuant to its proposal for settlement.

The plaintiff filed a response and memorandum of law, arguing the settlement proposal's "inclusion of [a] third-party entity as payee" rendered the proposal "invalid." Pertinently, the plaintiff's response alleged:

The Plaintiff filed a Complaint in this case against the Defendant seeking $58,601.35 in damages ....

....

The Defendant's [proposal for settlement] was in the amount of $1,000 inclusive of attorney's fees and costs.

3

> Pursuant to the first paragraph in the release, the $1,000.00 is paid to [the Plaintiff] "on her own behalf, and on behalf of her agents, heirs, spouses, successors, **assigns** ..."
>
> Pursuant to ... the [proposal for settlement], the Defendant conditioned acceptance of the [proposal for settlement] on the Plaintiff signing a Release that the Defendant attached to its [proposal for settlement].
>
> Prior to serving the [proposal for settlement], the Defendant was well aware of an Assignment of Benefits ... signed by the Plaintiff to [a third party which had performed water mitigation at the plaintiff's home]. ...
>
> The Plaintiff cannot accept a Proposal for Settlement on behalf of [the third party].

(paragraph numbers omitted).

In her memorandum of law, the plaintiff noted rule 1.442 "requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)). The plaintiff suggested the defendant's settlement proposal was too ambiguous to satisfy rule 1.442:

> The fact that the Defendant attempted to include a third-party company's invoice as part of the settlement offer renders the offer invalid. The Plaintiff did not claim as damages in her complaint the [third party's] invoice. ... A [proposal for settlement] cannot include a third-party company's invoice that the Plaintiff has no control over and that are not part of her claims for damages or costs. ... In the case at bar, ... [the] third-party ... has a ... claim for $5,820.41 for services rendered, which the Defendant indicated in the [proposal for settlement] is required to be named as a payee.

The circuit court granted the defendant's motion to tax costs and ordered an entitlement hearing be set on the defendant's motion for attorney's fees.

Before the entitlement hearing, the defendant filed its notice of intent to rely on our decision in *Costco Wholesale Corp. v. Llanio-Gonzalez*, 213 So. 3d 944 (Fla. 4th DCA 2017) (discussed in further detail below).

4

At the entitlement hearing, the defendant's counsel advised the court "[w]e are not disputing that we were aware of the assignment." However, the defendant argued, in pertinent part, "[t]his Proposal for Settlement was directed towards the allegations in the complaint." The following discussion occurred soon thereafter:

> PLAINTIFF'S COUNSEL: Well, ... the issue is that the Proposal for Settlement includes the Assignment of Benefits, and so she was not entitled to accept the Proposal For Settlement because there is a third –
>
> COURT: [Plaintiff's counsel], where -- specifically what language are you referring to with regard to the Assignment of Benefits? ...
>
> PLAINTIFF'S COUNSEL: So in the Release, on the first page of the Release ... it says, "To plaintiff Marjorie Branford and heirs" and then it says "assigns".
>
> COURT: Successor, assigns, executors, et cetera.
>
> PLAINTIFF'S COUNSEL: Specifically the word "assigns". ... [T]here was an assignee in this case, which is distinguishable from the case that the defendant brought up and submitted .... They failed to carve out an exception here for the Assignment of Benefits, the water mitigation company, and they were very well aware of that Assignment of Benefits way before they filed a Proposal for Settlement. So they could have excluded the Assignment of Benefits as part of this release, but they chose to include that language.
>
> COURT: [Defense counsel], any other case law in support of your position that the insured could have executed the release notwithstanding the assignment?
>
> DEFENSE COUNSEL: No, Your Honor. Just the [*Costco*] case that we cited ... that is identical in the language that was alleged in this complaint, and it is merely just defining the plaintiff.
>
> ....

COURT: Okay. I will deny the [defendant's motion for attorney's fees] based upon the assignment issued.

Thereafter, the court entered its written order denying the defendant's motion for attorney's fees.

### *This Appeal*

This appeal followed. The defendant argues the circuit court erred in finding the defendant's proposal for settlement and release were ambiguous and thus not enforceable. More specifically, the defendant argues its merely including "assigns" in the release did not make the proposal ambiguous for two reasons: (1) courts have held that release terms such as "assigns" do not necessarily expand a proposal for settlement to third parties; and (2) the release, when read as a whole, was clearly and expressly restricted to the claims which the plaintiff asserted or could have asserted in this lawsuit.

The plaintiff responds the defendant was aware of the assignment to the third party when the defendant served the proposal for settlement, and thus the plaintiff reasonably interpreted the proposal and accompanying release to include any claims which the plaintiff had assigned to the third party.

Applying de novo review, we agree with the defendant's arguments. *See Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 393-94 (Fla. 2016) ("The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo.") (citation omitted).

Florida Rules of Civil Procedure 1.442(c)(2)(B) and (C) require that settlement proposals "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served" and "state with particularity any relevant conditions[.]" Applying rule 1.442, we have held "[a] proposal for settlement must be read as a whole and is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction." *Sanchez v. Cinque*, 238 So. 3d 817, 826 (Fla. 4th DCA 2018) (citation and internal quotation marks omitted).

As we emphasized in *Costco Wholesale Corp. v. Llanio-Gonzalez*, 213 So. 3d 944 (Fla. 4th DCA 2017):

"[Rule 1.442] does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and

6

definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). For that reason, courts are discouraged from "nitpicking" settlement proposals for ambiguities, unless the asserted ambiguity could "reasonably affect the offeree's decision" on whether to accept the settlement proposal. *Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 853 (Fla. 2016) (citation and internal quotation marks omitted).

*Costco*, 213 So. 3d at 947.

A comparison of *Costco* with the instant case is instructive. In *Costco*, the defendant served a proposal for settlement on the plaintiff, who had brought an action for injuries from a slip and fall. *Id.* at 945. The defendant also served a proposal for settlement on the plaintiff's husband for his loss of consortium claim. *Id.* The proposals' accompanying releases provided that each plaintiff would release the defendant and "all related, associated or affiliated companies" from any and all claims. *Id.* The plaintiffs did not accept the defendant's proposals and the defendant ultimately prevailed on a motion for summary judgment. *Id.* at 946. The defendant then moved for its attorney's fees. *Id.* The circuit court denied the defendant's motion, finding the releases attached to the settlement proposals were ambiguous. *Id.* Specifically, the circuit court found ambiguity

> because the Proposals for Settlement contain narrow language offering to release only the Defendant ... and release only claims arising out of the facts and circumstances referred to in this lawsuit, while the proposed Releases attached to the Proposals for Settlement contain broader language releasing individuals or entities in addition to [the defendant] and releasing claims or potential claims more than and broader than only the claims related to the facts and circumstances in this lawsuit.

*Id.*

We reversed, agreeing with the defendant that the proposals were unambiguous and thus were enforceable. *Id.* at 947. We explained:

> To the extent the court found "the proposed Releases attached to the Proposals for Settlement contain broader language releasing individuals or entities in addition to [the

defendant],” such a finding is inconsistent with our precedent. In *Board of Trustees of Florida Atlantic University v. Bowman*, 853 So. 2d 507 (Fla. 4th DCA 2003), the defendant attached to the settlement proposal a general release, which defined the “First Party” and “Second Party” broadly, as including:

> [S]ingular and plural, heirs, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, parent corporations, and each of their respective present and former officers, agents, employees including, but not limited to, shareholders, directors, attorneys, insurers, sureties, successors and assigns of corporations, agencies, or political bodies, wherever the context so admits or requires.

> *Id.* at 508. We found the broad language in the general release, “even though expansive, is typical of other general releases and is clear and unambiguous.” *Id.* at 509. Similarly, in *Alamo Financing, L.P. v. Mazoff*, 112 So. 3d 626 (Fla. 4th DCA 2013), we found a release provision including the defendant’s “parent corporations, subsidiaries, officers, directors, and employees” was “unambiguous standard release language that did not render the proposal invalid.” *Id.* at 631. Here, although the releases’ description of the “Second Parties” is more expansive than the descriptions in *Bowman* or *Alamo*, the effect is the same. The “Second Parties” definition is “typical of other general releases and is clear and unambiguous.” *Bowman*, 853 So. 2d at 509.

*Costco*, 213 So. 3d at 946-47; *see also Jessla Constr. Corp. v. Miami-Dade Cnty. Sch. Bd.*, 48 So. 3d 127, 131 (Fla. 3d DCA 2010) (“[I]n reviewing the [defendant’s] Proposal and the General Release, it is clear that the Proposal was directed solely at [the plaintiff] and that the [defendant] was not requiring the participation of nonparties. The complained-of language in the General Release, which defines [the plaintiff] as including ‘past, present and future affiliates’ etc., is not too broad and is typical of the language contained in many general releases.”) (citation and other internal quotation marks omitted).

Similarly, here, the defendant’s proposal for settlement and accompanying general release were sufficiently clear and definite to allow the plaintiff to make an informed decision on whether to accept the proposal. The proposal’s only reasonable interpretation was that the

defendant was offering $1,000 to the plaintiff to settle her case, and the accompanying release would prevent the plaintiff from further seeking damages from the defendant relating to the water loss.

The plaintiff "nitpicked" the defendant's proposal and accompanying release where the asserted ambiguity could not have reasonably affected her decision on whether to accept the proposal. Specifically, the word "assigns" in the line of the standard release defining the plaintiff or "releasor" as including "assigns" and the like, does not create an ambiguity due to the plaintiff's preexisting assignment of benefits to the third party. The only reasonable interpretation of the proposal and release – read together as a whole – is expressly limited to resolving the claims which the plaintiff asserted or could have asserted in the underlying lawsuit.

While the plaintiff argued she "[could not] accept a Proposal for Settlement on behalf of [the third party]," the proposal's plain language did not concern the third party. Rather, the proposal for settlement was directed towards the complaint in the "lawsuit captioned MARJORIE BRANFORD v. AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA, Case No. CACE-16-003198, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida."

Furthermore, after making the assignment of benefits to the third party, nothing remained for the plaintiff to release or accept on the third party's behalf. *See Sidiq v. Tower Hill Select Ins. Co.*, 276 So. 3d 822, 825 (Fla. 4th DCA 2019) ("An assignment has been defined as a transfer or setting over of property, or of some right or interest therein, from one person to another. Once transferred, the assignor no longer has a right to enforce the interest because the assignee has obtained all rights to the thing assigned.") (citations, brackets, and internal quotation marks omitted).

### *Conclusion*

In sum, when read as a whole, the defendant's proposal and accompanying release contained no ambiguity that could "reasonably affect the [plaintiff] offeree's decision" on whether to accept the settlement proposal. *Costco*, 213 So. 3d at 947. Based on the foregoing, we reverse the circuit court's order denying the defendant's motion for attorney's fees. We remand for the court to enter an order granting the defendant's motion for attorney's fees and setting an evidentiary hearing to determine the amount of attorney's fees which the defendant is entitled to recover from the plaintiff. *See id.*

*Reversed and remanded with instructions.*

9

FORST and KUNTZ, JJ., concur.

                        *         *         *

*Not final until disposition of timely filed motion for rehearing.*