DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ADVANTAGE LIMOUSINE, LLC,

Appellant,

v.

THEODORE J. KOUTSOS; OLYMPUS LIMO, INC.;
KEITH M. SIMMONS, JR.; and SIMINOLE TRANSPORTATION, INC.,

Appellees.

No. 2D22-257
_____

March 6, 2024

Appeal from the Circuit Court for Hillsborough County; Emily A.
Peacock, Judge.

Michael R. Carey and Stephen J. Bagge of Carey, O'Malley, Whitaker,
Mueller, Roberts & Smith, P.A., Tampa, for Appellant.

Daniel J. Fleming and Kevin Tragesser of Johnson Pope Bokor Ruppel &
Burns, LLP, Tampa, for Appellees Koutsos and Olympus.

No appearance for remaining Appellees.

SILBERMAN, Judge.

Advantage Limousine, LLC, appeals the final judgment entered
against it and in favor of Theodore J. Koutsos and Olympus Limo, Inc.,
disposing of Advantage's claims for aiding and abetting a breach of
fiduciary duty and tortious interference with a contract. We affirm that
judgment without comment. Advantage also appeals a separate

judgment awarding attorney's fees and costs in favor of Koutsos and Olympus pursuant to their proposals for settlement. We reverse the judgment for fees and costs because the proposals for settlement were ambiguous.

A detailed telling of the facts of this case is unnecessary for purposes of this opinion. However, relevant to this opinion, Advantage sued Koutsos and Olympus for aiding and abetting a third party's breach of a fiduciary duty and for tortious interference with a contract. Prior to trial, Koutsos and Olympus submitted separate, substantively identical proposals for settlement to Advantage. Advantage did not accept the proposals for settlement, and the case proceeded to trial. At the close of Advantage's case-in-chief, Koutsos and Olympus moved for a directed verdict. The trial court granted the motion and entered judgment in their favor. Koutsos and Olympus then filed a motion to tax costs as the prevailing parties and for attorney's fees and costs pursuant to their proposals for settlement. The trial court granted the motion and entered judgment for fees and costs against Advantage.

We review "a party's entitlement to attorney's fees pursuant to section 768.79[, Florida Statutes (2020),] and [Florida Rule of Civil Procedure] 1.442 de novo." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018). Likewise, whether a proposal for settlement is ambiguous is reviewed de novo. *Alamo Fin., L.P. v. Mazoff*, 112 So. 3d 626, 628 (Fla. 4th DCA 2013). Proposals for settlement shall "state with particularity any relevant conditions." Fla. R. Civ. P. 1.442(c)(2)(C). "[T]his requirement of particularity is fundamental to the purpose underlying the statute and rule." *State Farm Mut. Auto. Ins. Co. v. Nichols* (*Nichols II*), 932 So. 2d 1067, 1078 (Fla. 2006) (quoting *Nichols v. State Farm. Mut.* (*Nichols I*), 851 So. 2d 742, 746 (Fla. 5th DCA 2003)). As Judge

Casanueva long ago noted for this court, "Proposals for settlement are intended to end judicial labor, not create more." *Lucas v. Calhoun*, 813 So. 2d 971, 973 (Fla. 2d DCA 2002); *see also Nichols II*, 932 So. 2d at 1078 (same).

Rule 1.442 "aims to prevent ambiguity, not breadth." *Nichols II*, 932 So. 2d at 1079. "[A] summary of [a] proposed release can be sufficient to satisfy rule 1.442, as long as it eliminates any reasonable ambiguity about its scope." *Tower Hill Signature Ins. Co. v. Kushch*, 335 So. 3d 743, 752 (Fla. 4th DCA 2022) (quoting *Nichols II*, 932 So. 2d at 1079). A proposal for settlement "must 'be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.' " *Id.* at 748 (quoting *Nichols II*, 932 So. 2d at 1079).

In *Tower Hill*, the Fourth District concluded that a confidentiality agreement contained within a proposal for settlement was not ambiguous because it "specified that it related to the facts and terms of the release, and documents or information provided by the parties related to the claim and litigation." *Id.* at 752. There, the confidentiality provision required that

> the parties agree to maintain the facts and terms of this Release as confidential, and documents or information provided by the parties related to the Claim and Litigation, with the exception of any pleadings or documents filed with the court and to the extent that law, ordinance, or governing body requires, shall also be confidential.

*Id.* The court concluded that "the proposal for settlement and the confidentiality provision did not extend to anything outside of this claim and litigation." *Id.*

The proposals for settlement here are distinguishable from the provision in *Tower Hill*. The separate proposals for settlement by

Koutsos and Olympus, as the defendants, to Advantage, as the plaintiff, provided in pertinent part:

> This settlement proposal is conditioned upon execution of a confidential settlement agreement and general release of all claims by Plaintiff of and from any and all claims, demands, actions and causes of action of every kind, whatsoever, and including, but without limitation of the foregoing, all liability for damages, costs, expenses and compensation of any kind, nature or description now existing or which may hereafter arise, known or unknown, permanent or otherwise, as set forth by the claims in Plaintiff's Complaint against Defendant[s], filed in the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, bearing case number 2016-CA-007949; and within ten (10) days of receiving the settlement sum, Plaintiff will file a Voluntary Notice of Dismissal with Prejudice as to Defendant[s] for all counts as they pertain to Defendant[s], as set forth in the Complaint filed by Plaintiff in the above captioned case number.

(Emphasis added.) Unlike the proposal for settlement in *Tower Hill*, which set forth the terms regarding confidentiality, the proposals for settlement here required execution of a separate confidential settlement agreement of which the terms were not specified. No agreement was attached to the proposals, and there is no description or summary contained in the proposals as to the terms of any such agreement. Thus, the proposals for settlement were not "sufficiently clear and definite to allow [Advantage] to make an informed decision without needing clarification." *See Nichols II*, 932 So. 2d at 1079; *Tower Hill*, 335 So. 3d at 748. We also note that nothing in the record indicates that Koutsos and Olympus ever submitted a proposed confidentiality agreement to Advantage.

In summary, the proposals for settlement here are ambiguous and do not comply with rule 1.442. The trial court erred by granting Koutsos and Olympus's motion for attorney's fees and costs based upon

4

Advantage's nonacceptance of their proposals for settlement. As a result, we reverse the final judgment of taxable costs and attorney's fees.

Affirmed in part; reversed in part.

CASANUEVA and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.