# Third District Court of Appeal

## State of Florida

Opinion filed February 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0548
Lower Tribunal No. 17-15918-CA-01
_____

**Drew A. Washington,**
Appellant,

vs.

**Philip K. Garza III,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

The Solomon Law Group, P.A., and Stanford R. Solomon and Laura H. Howard (Tampa), for appellant.

Leto Law Firm, and Matthew P. Leto, for appellee.

Before EMAS, SCALES and GOODEN, JJ.

PER CURIAM.

Affirmed. See Allen v. Nunez, 258 So. 3d 1207, 1217 (Fla. 2018) (where "two codefendants each receive a proposal for settlement, in which they are specifically named, each codefendant should possess all the information necessary to determine whether to settle.") See also State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) ("[G]iven the nature of language, it may be impossible to eliminate all ambiguity [in a proposal for settlement]. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification."); Sanchez v. Cinque, 238 So. 3d 817, 826 (Fla. 4th DCA 2018) ("A proposal for settlement 'must state with particularity any relevant conditions and all non-monetary terms.' The proposal should 'be as specific as possible, leaving no ambiguities, so that the recipient can fully evaluate its terms and conditions.' A proposal for settlement must be 'read as a whole' and 'is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.'" (internal citations omitted)); id. at 825-826 (observing that "[a]lthough the release contained a reference to non-parties, this was clearly a 'cut and paste' typographical error that did not create an ambiguity that could have reasonably affected Sanchez's decision whether to accept the proposal," and

2

concluding: "The typographical error in the release was not inconsistent with the proposal for settlement. Any possible ambiguity would be resolved by looking at the proposal and release as a whole."); Alamo Fin., L.P. v. Mazoff, 112 So. 3d 626, 628 (Fla. 4th DCA 2013) (acknowledging that "parties should not 'nit-pick' the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could 'reasonably affect the offeree's decision' on whether to accept the proposal for settlement.") (quoting Carey–All Transp., Inc. v. Newby, 989 So. 2d 1201, 1206 (Fla. 2d DCA 2008)).