**Michael E. KIEFER, Jr., Appellant,**

v.

No. 4D16–707

District Court of Appeal of Florida, Fourth District.

January 4, 2017

Jon D. Derrevere and Shirley Jean McEachern of Derrevere Hawkes Black & Cozad, West Palm Beach, for appellant.

Evan H. Frederick and Benjamin A. Webster, West Palm Beach, for appellee Sunset Beach Investments, LLC.

Kuntz, J.

Michael E. Kiefer, Jr. appeals the circuit court's denial of his motion for attorneys' fees based upon a rejected settlement proposal. The court denied the motion finding Kiefer's settlement proposal was ambiguous and thus unenforceable. Kiefer timely invoked this court's jurisdiction over the order denying his motion for attorney's fees, which we treat as a final appealable order. *BDO Seidman, LLP v. British Car Auctions, Inc.*, 789 So.2d 1019, 1020 (Fla. 4th DCA 2001). After careful review, and with the benefit of a supreme court decision released after the circuit court denied the motion, we reverse.

The facts of the underlying action are described in more detail in our opinion issued today affirming summary judgment in Kiefer's favor. *Sunset Beach Invs., LLC v. Kimley–Horn & Assocs.*, No. 4D15–4425 (Fla. 4th DCA Jan. 4, 2017). Generally, Sunset Beach Investments, LLC, filed a lawsuit asserting claims of professional negligence against Kiefer, Kimley–Horn, and two licensed engineers. While that case was pending, Kiefer served a proposal for settlement on Sunset Beach pursuant to Florida Rule of Civil Procedure 1.442, and section 768.79, Florida Statutes (2014). At the same time, each of the other co-defendants served separate proposals for settlement on Sunset Beach. Sunset Beach did not accept any of the proposals for settlement.

Ultimately, Kiefer prevailed on a motion for summary judgment and obtained judgment in his favor as to the only count asserted against him. After he obtained judgment, he timely filed a motion for attorneys' fees based upon the rejected proposal for settlement. The proposal for

settlement was specifically "made by De-fendant, MICHAEL E. KIEFER JR., and directed to the Plaintiff, SUNSET BEACH INVESTMENTS, LLC." The document stated that the proposal for set-tlement was intended "to resolve any and all claims, damages or injuries, whether known, disclosed or manifested presently or in the future on the part of [Sunset Beach] ... *solely as to* MICHAEL E. KIEFER, JR." (emphasis added). The next paragraph of the proposal stated:

4. The relevant conditions of this Pro-posal if accepted are that Plaintiff shall execute a Release attached as Exhibit "A" and shall dismiss with prejudice De-fendant, MICHAEL E. KIEFER, JR. The proposed Stipulation and Order of Dismissal with Prejudice is attached as Exhibit "B."

Thus, pursuant to paragraph four of the proposal for settlement, Sunset Beach was required to execute a release as a condi-tion of the agreement. The release began by noting that it related to a lawsuit brought by Sunset Beach against Kiefer, and continued by stating that "SUNSET BEACH and MICHAEL E. KIEFER, JR. wish to forever settle the disputes by, be-tween and among them arising out of" the lawsuit at issue. The release then stated that Kiefer would make a payment in ex-change for the dismissal of Kiefer from the lawsuit. The next paragraph, like those before it, was limited to releasing Kiefer from any claims relating to the lawsuit.

The issue in this appeal arises from the next two paragraphs of the release. Unlike each of the other paragraphs of the pro-posal for settlement and release, the fifth and sixth paragraphs of the release were not specifically limited to Kiefer and Sun-set Beach. Instead, they were silent as to the defendant to which they applied. The fifth paragraph stated that the release cov-ers "any and all claims for attorney's fees, costs and premiums, as a result of the

incident and matters set forth in the law-suit." The sixth paragraph, as with many standard release forms, stated that Sunset Beach released all claims that related to the lawsuit. Finally, the remaining two paragraphs of the release were both spe-cifically limited to Sunset Beach and Kief-er.

The court found no ambiguity with the proposal for settlement or the release, with the exception of paragraphs five and six of the release. With regard to those para-graphs, the court stated:

And when I'm reading the proposal and the release agreement, I have trouble when I get to page 2 because the two middle paragraphs on page 2 of the release do not relate to Mr. Kiefer, as every other paragraph specifically and very carefully does relate to Mr. Kiefer, in all caps, no less.

Based upon the failure to include Kief-er's name in those two paragraphs, the court found the release to be ambiguous and the proposal for settlement unenforce-able. This appeal followed.

■ We review the circuit court's order declining to enforce the proposal for settle-ment *de novo. See Pratt v. Weiss*, 161 So.3d 1268, 1271 (Fla. 2015) ("The eligibili-ty to receive attorney's fees and costs pur-suant to section 768.79 and rule 1.442 is reviewed de novo.").

■ Attorneys' fees sought pursuant to proposals for settlement and offers of judgment are governed by section 768.79, Florida Statutes (2014), and Florida Rule of Civil Procedure 1.442. *Anderson v. Hil-ton Hotels Corp.*, 202 So.3d 846 (Fla. 2016). The rule and statute provide the circum-stances when a proposal for settlement is appropriate, the requirements for a pro-posal for settlement, and the format that must be used. It is well established that a proposal for settlement "must strictly con-

form to these statutory and procedural requirements to entitle the offeror to attorneys' fees because the statute is in derogation of the common law that ordinarily requires each party to pay its own attorneys' fees." *Id.* at 852. Because the statute and rule must be strictly construed, "an ambiguous proposal is not enforceable." *Mix v. Adventist Health Sys./Sunbelt, Inc.*, 67 So.3d 289, 292 (Fla. 5th DCA 2011).

■ Unfortunately, "although created to encourage settlement, few rules have generated more collateral litigation than Florida's proposals for settlement provisions." Lauren Rehm, *A Proposal for Settling the Interpretation of Florida's Proposals for Settlement*, 64 Fla. L. Rev. 1811 (2012). In a continued effort to minimize collateral litigation, our supreme court recognized that "given the nature of language, it may be impossible to eliminate all ambiguity." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So.2d 1067, 1079 (Fla. 2006). The rule merely requires that the proposal for settlement be "sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *Id.*

■ It is true that "if ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *Id.* However, "parties should not 'nit-pick' the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could 'reasonably affect the offeree's decision' on whether to accept the proposal for settlement." *Carey–All Transp., Inc. v. Newby*, 989 So.2d 1201, 1206 (Fla. 2d DCA 2008) (citing *Nichols*, 932 So.2d at 1079); *see also Anderson*, 202 So.3d at 853 (citations omitted) ("[C]ourts are discouraged from 'nitpicking' proposals for settlement to search for ambiguity.")

Further, we have held that proposals for settlement are to be interpreted by the same principles governing the interpretation of contracts. *Pratt v. Weiss*, 92 So.3d 851, 854 (Fla. 4th DCA 2012), *vacated on other grounds*, 161 So.3d 1268 (Fla. 2015); *Dorson v. Dorson*, 393 So.2d 632, 633 (Fla. 4th DCA 1981). In yet another case involving a proposal for settlement, we noted that "a contract is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction." *Alamo Fin. v. Mazoff*, 112 So.3d 626, 630 (Fla. 4th DCA 2013).

■ Therefore, we look to the entirety of a proposal for settlement when determining whether it is clear and definite, and we do so without "nitpicking" in a search for ambiguity. Reviewing the proposal for settlement served by Kiefer within that framework, we do not believe it to be ambiguous. All nine paragraphs of the proposal for settlement clearly relate solely to Kiefer and Sunset Beach. In the attached release, there are two paragraphs that do not include Kiefer's name. However, those paragraphs are in between other paragraphs of the release that state: (1) Kiefer and Sunset Beach wish to resolve all claims; (2) Kiefer will pay a sum to Sunset Beach in exchange for his dismissal; (3) Sunset Beach would release Kiefer; and (4) Sunset Beach would file a dismissal as to Kiefer. When read as a whole, the release related to Sunset Beach and Kiefer, and not the other co-defendants.

The recent decision in *Anderson* also supports our conclusion beyond the reminder to refrain from "nitpicking" in a search for ambiguity. *Anderson*, 202 So.3d 846. There, the circuit court and the Fifth District concluded the settlement offer was "ambiguous and unenforceable because it could have affected the unaddressed claims" of a different party. *Id.* at 854. The supreme court rejected the argument, noting the documents at issue were consistently limited to the defined parties and the claims listed. *Id.* at 855. The fact that

other claims remained, and other parties were not mentioned, did not make the proposal for settlement ambiguous. *Id.*

*Anderson* also supports our conclusion for a different reason. In *Anderson*, the court stated that "if a party receives two simultaneous offers from two separate parties, common sense dictates that the offeree should possess all the information necessary to determine whether to settle with one or both of the offerors." *Id.* The same common sense applies in this case where all defendants sent separate proposals for settlement to Sunset Beach.

In this case, the court found an ambiguity in the proposal for settlement based upon two paragraphs in the middle of the attached release. When the proposal for settlement and release are read as a whole, these two paragraphs do not create an ambiguity. Therefore, we reverse the order denying Kiefer's motion for attorneys' fees.

*Reversed and remanded.*

Ciklin, C.J., and May, J., concur.