Damoorgian, J.
Defendant, Stanley Sherman, appeals from the circuit court’s order denying his motion for attorney’s fees. Defendant argues that the court erred in finding that his proposal for settlement was ambiguous and unenforceable. We agree and reverse.
Plaintiff, Paul Savastano, sued defendant for injuries he sustained when defendant’s vehicle struck plaintiff in a crosswalk. Plaintiffs wife also filed a loss of consortium claim, but dropped her claim shortly thereafter. About a year later, defendant served a proposal for settlement on plaintiff, offering $200,000 to settle. The offer provided that “[t]he parties will execute a joint stipulation for dismissal with prejudice of the action.” Plaintiff did not accept the offer within the statutory time frame and the matter proceeded to trial. There, the jury found that plaintiffs damages were $335,000, but also found that plaintiff *443 was 75% at fault. After accounting for PIP setoffs and plaintiffs comparative fault, plaintiffs total recovery: was $75,014.13. As this was less than 75% of the amount offered by defendant, defendant moved for attorney’s fees pursuant to his proposal for settlement.
Plaintiff argued that defendant’s proposal was unenforceable because it was ambiguous and did not strictly comply with the specifications outlined in Florida Rule of Civil Procedure 1.442. Specifically, plaintiff argued that defendant’s proposal was ambiguous because it was contingent on the execution of a “joint stipulation for dismissal” even though there was only one plaintiff and, at any rate, failed to provide the language of the stipulation of dismissal.
After hearing argument from both parties on the validity of defendant’s proposal for settlement, the court entered an order denying defendant’s motion to enforce his proposal. The court did not expound on its reasoning in the order. Defendant moved for rehearing, which the court also denied without comment. This appeal follows.
“We review the circuit court’s order declining to enforce the proposal for settlement de novo.” Kiefer v. Sunset Beach Invs., LLC, 207 So.3d 1008, 1010 (Fla. 4th DCA 2017).
Section 768.79 of the Florida Statutes creates a substantive right to attorney’s fees where a plaintiff does not accept a proposal for settlement (also known as an offer of judgment) from the defendant and “the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.” § 768.79(1), Fla. Stat. (2015). “The purpose of Section 768.79 is to lead litigants to settle by penalizing those who decline offers that satisfy the statutory requirements. Encouraging' settlement lowers litigation costs for the parties and reduces the fiscal impact of litigation on the court system.” Allstate Prop. & Cas. Ins. Co. v. Lewis, 14 So.3d 1230, 1235 (Fla. 1st DCA 2009) (citations , and .internal quotation marks omitted).
Florida Rule of Civil Procedure 1.442 governs the form of such proposals. Rule 1.442 requires that proposals be in writing •and:
(A) name the party or parties making the proposal and the party or par- . ties to whom the proposal is being made;
(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to Subdivision (F);
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys’ fees and whether attorneys’ fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080.
Fla. R. Civ. P. 1.442(c)(2).
A “proposal fails to satisfy the ‘particularity’ requirement if-an ambiguity within the proposal could reasonably affect the offeree’s decision,” Saenz v. Campos, 967 So.2d 1114, 1116 (Fla. 4th DCA 2007). For the purpose of construing the particularity requirement of rule 1.442, an “ambiguity” is defined as “ ‘the condition of admitting-more than one meaning.’” Id. at 1117 (quoting The Random House College Dictionary 42 (rev. ed. 1980)). “[T]he dismissal of a lawsuit is a proper and relevant *444 condition in an offer of judgment.” 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So.2d 3, 6 (Fla. 2d DCA 2005). Therefore, as required by Florida Rule of Civil Procedure 1.442(c)(2)(C) and (D), the condition of a dismissal as outlined in a proposal for settlement must be stated with particularity.
In State Farm Mutual Automobile Insurance Co. v. Nichols, 932 So.2d 1067, 1078 (Fla. 2006), the Florida Supreme Court outlined what is necessary to meet the “particularity” requirement as it pertains to a general release. That decision established that the “particularity” requirement is met so long as the proposal includes either “1) the language of the proposed release; or 2) a summary of the proposed release, as long as the summary “ ‘eliminates any reasonable ambiguity about its scope.’ ” Alamo Fin., L.P. v. Mazoff, 112 So.3d 626, 629 (Fla. 4th DCA 2013) (quoting Nichols, 932 So.2d at 1078). As the Nichols court further explained, “[Rule 1.442] does not demand the impossible. It merely requires that the settle ment proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” 932 So.2d at 1079. For this reason, “courts are discouraged from ‘nitpicking' settlement proposals for ambiguities, unless the asserted ambiguity could ‘reasonably affect the offeree’s decision’ on whether to accept the settlement proposal.” Costco Wholesale Corp. v. Llanio-Gonzalez, 213 So.3d 944, 947 (Fla. 4th DCA 2017) (quoting Anderson v. Hilton Hotels Corp., 202 So.3d 846, 853 (Fla. 2016)). Although a stipulation of dismissal is not the same as a general release, applying the logic of Nichols and its progeny, a proposal for settlement subject to the condition of dismissal is enforceable so long as it contains sufficient language eliminating any “reasonable ambiguity about [the] scope” of the dismissal. Nichols, 932 So.2d at 1079.
Here, the dismissal condition contained in defendant’s proposal was sufficiently clear to allow plaintiff to make an informed decision without requiring additional clarification. Florida Rule of Civil Procedure 1.420(a)(1) allows the plaintiff in a lawsuit to effectuate a voluntary dismissal without order of the court “by filing a stipulation of dismissal signed by all current parties to the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice .... ” Following the instruction of Rule 1.420(a)(1), the proposal stated that as a condition of settlement, “[t]he parties will execute a joint stipulation for dismissal with prejudice of the action.” As this was a one count, one plaintiff negligence lawsuit, there is no question as to what a dismissal could or would entail. The only possibility of ambiguity concerned whether the action would be dismissed with prejudice, and the language in the proposal clarified that the dismissal would be with prejudice. Simply put, “the settlement proposal [was] sufficiently clear and definite to allow the [plaintiff] to make an informed decision without needing clarification.” Nichols, 932 So.2d at 1079.
Based on the foregoing, we reverse the court’s order denying defendant’s motion for attorney’s fees, and remand for the entry of an order granting the defendant’s motion for attorney’s fees and setting an evidentiary hearing to determine the amount of fees which defendant is entitled to recover from plaintiff.

Reversed and remanded for proceedings consistent with this opinion.

Ciklin, C.J., and Hanzman, Michael A., Associate Judge, concur.