NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIGHT HOUSE NETWORKS, LLC,　　　　)
a Delaware Limited Liability Company,　)
　　　　　　　　　　　　　　　　　　)
　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No.  2D16-4770
　　　　　　　　　　　　　　　　　　)
ALBERT B. CASSIDY; STEVEN L.　　　　)
CASSIDY; PETER E. CASSIDY; CAROL　　)
CASSIDY RHINEHART; and MICHAEL H.　)
CASSIDY,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Appellees.　　　　　　　　　　)
_____)

Opinion filed March 23, 2018.

Appeal from the Circuit Court for Polk
County; Mark F. Carpanini, Judge.

Eric J. Partlow and Donald A. Mihokovich
of Adams and Reese, LLP, Tampa, for
Appellant.

John Marc Tamayo and Barbara W. Davis
of Valenti, Campbell, Trohn, Tamayo &
Aranda, P.A., Lakeland, for Appellees.


SILBERMAN, Judge.

Bright House Networks, LLC, appeals a final order denying its motion for

attorney's fees based on a proposal for settlement that Bright House had served on one

of the plaintiffs, Albert B. Cassidy, pursuant to section 768.79, Florida Statutes (2011),[1] and Florida Rule of Civil Procedure 1.442 (2012).[2] Because the trial court erred in determining that the proposal for settlement contained an ambiguity that could reasonably cause the offeree to be uncertain about the proposal's conditions, we reverse and remand for further proceedings.

In 2012, five members of the Cassidy family filed a one-count complaint for breach of contract against Bright House. The Cassidys alleged that Bright House was providing cable services to the Cassidys free of all charges and costs pursuant to a contract, but Bright House began issuing 1099 tax forms for the value of the services beginning in 2011. The Cassidys alleged that these taxes are charges and costs that they should not have to bear.

Bright House served "Defendant's Proposal for Settlement to Albert B. Cassidy" (the Proposal) in January 2013. He did not accept the Proposal. The Cassidys later amended their complaint to add a count for a declaratory judgment. After the trial court entered summary judgment in Bright House's favor, it filed a motion for attorney's fees and costs. Bright House sought attorney's fees based on its Proposal. Bright House asserts on appeal that it did not serve a proposal on any other plaintiff in order to avoid the issues that can arise with joint proposals for settlement.

---

[1]The version of section 768.79 that applies is the one in effect at the time the cause of action accrues. Buchanan v. Allstate Ins. Co., 629 So. 2d 991, 992 (Fla. 1st DCA 1993).

[2]The version of rule 1.442 that applies is the one in effect at the time the proposal for settlement was made. See Sharp Cmty. Ambulance Serv., Inc. v. Sharp, 582 So. 2d 778, 779 (Fla. 1st DCA 1991).

The Proposal defines the Offeror as Bright House and the Offeree as Albert B. Cassidy. At issue are paragraphs 4 and 6 of the Proposal which read as follows:

> 4. <u>Relevant Conditions</u>: Upon acceptance of this proposal, Offeree shall, within ten (10) days thereof, cause this civil action to be dismissed with prejudice as to all claims against Offeror. . . .
>
> 6. <u>Claims to be Resolved</u>: This proposal is to settle and otherwise fully and completely resolve all claims asserted by Offeree against Offeror in this action.

The trial court denied Bright House's motion for attorney's fees because the court found that "[t]here is an inherent ambiguity created in Paragraph 4 of the Proposal for Settlement regarding which claims were to be dismissed." The trial court found that the Proposal "could reasonably cause Albert Cassidy to be unsure about the conditions of the Proposal." Recognizing that "the case law requires strict construction" with respect to proposals for settlement, the court found that the Proposal did not meet the particularity requirement of rule 1.442 and was invalid.

Appellate review of a party's entitlement to attorney's fees under section 768.79 and rule 1.442 is de novo. <u>Anderson v. Hilton Hotels Corp.</u>, 202 So. 3d 846, 852 (Fla. 2016); <u>Saterbo v. Markuson</u>, 210 So. 3d 135, 138 (Fla. 2d DCA 2016). Proposals made under the offer of judgment statute must strictly conform to the requirements of the statute and rule because the statutory award of attorney's fees is in derogation of the common law that usually provides for each party to pay its own fees. <u>Anderson</u>, 202 So. 3d at 852. Rule 1.442(c)(2)(C) requires that proposals for settlement state relevant conditions with particularity. <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Nichols</u>, 932 So. 2d 1067, 1078 (Fla. 2006). A lawsuit's dismissal "is a proper and relevant condition in an

- 3 -

offer of judgment." Sherman v. Savastano, 220 So. 3d 441, 443-44 (Fla. 4th DCA 2017) (quoting 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So. 2d 3, 6, (Fla. 2d DCA 2005)).  The condition of a dismissal must be stated with particularity in the proposal. Id. at 444.  The version of rule 1.442(c)(2)(B) applicable here also provides that the proposal shall "identify the claim or claims the proposal is attempting to resolve."[3]

The Florida Supreme Court has recognized that it may be impossible to rid proposals for settlement from all ambiguity.

> [G]iven the nature of language, it may be impossible to eliminate all ambiguity.  The rule does not demand the impossible.  It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.  If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement.

Nichols, 932 So. 2d at 1079.  And more recently, the Florida Supreme Court has stated that "courts are discouraged from 'nitpicking' proposals for settlement to search for ambiguity." Anderson, 202 So. 3d at 853 (quoting Carey-All Transp., Inc. v. Newby, 989 So. 2d 1201, 1206 (Fla. 2d DCA 2008)).  It is the elimination of reasonable ambiguities that is required.  Id. at 852-53.

A proposal that seeks to resolve all claims identified in the complaint or in a certain count can be sufficient under rule 1.442(c)(2)(B).  See Miley v. Nash, 171 So.

---

[3]An amendment effective January 1, 2014, changed rule 1.442(c)(2)(B) to require a proposal to "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F)."  See In re Amendments to the Florida Rules of Civil Procedure, 131 So. 3d 643, 645, 648 (Fla. 2013).  The purpose of the amendment was "to clarify that a proposal for settlement must resolve all claims between the proponent and the party to whom the proposal is made except claims for attorneys' fees, which may or may not be resolved in the proposal." Fla. R. Civ. P. 1.442 (Committee Notes, 2013 Amendment).

3d 145, 147-48 (Fla. 2d DCA 2015). In Miley, Martha and Garfield Nash sued Kyle Miley, the driver of an automobile, and Glenn Miley, the owner of the vehicle, in count one for bodily injury to Martha Nash and in count two for loss of consortium to Garfield Nash. Id. at 147. Kyle Miley offered to pay a specified sum of money to Martha Nash in "an attempt to resolve all claims and causes of action resulting from the incident or accident giving rise to this lawsuit brought by Plaintiff Martha Nash against Defendant Kyle Miley." Id. The proposal contained a condition requiring Martha Nash to dismiss Glenn and Kyle Miley from the lawsuit in exchange for the payment by Kyle Miley. Id. Other than count one of the complaint, Martha Nash had no other pending claims at the time of the proposal. Id. at 147-48.

This court stated that the proposal was meant to resolve only Martha Nash's bodily injury claims in count one and not her husband's loss of consortium claim in count two. Id. This court determined that "the proposal did not contain a level of ambiguity that would render Martha Nash unable to 'make an informed decision without needing clarification.' " Id. at 148 (quoting Nichols, 932 So. 2d at 1079).

A proposal for settlement, as any other contract, must be read as a whole to determine whether it is ambiguous. See Kiefer v. Sunset Beach Invs., LLC, 207 So. 3d 1008, 1011 (Fla. 4th DCA 2017). In looking at a proposal as a whole, a court should not nitpick to search for an ambiguity. Id. In Kiefer, the court determined that when a proposal and release attached to the proposal were read as a whole, the release related to only Sunset Beach and one of the defendants, Kiefer, despite that two paragraphs of the release did not state to which defendant they applied. Id. One of those paragraphs "stated that Sunset Beach released all claims that related to the lawsuit." Id. at 1010.

As in Miley and Kiefer, the Proposal did not contain a level of ambiguity that would render Albert B. Cassidy unable to make an informed decision without needing clarification. The Proposal is titled as a proposal to Albert B. Cassidy. The Proposal defines Albert B. Cassidy as "Offeree." Paragraph 4 does state the condition that the Offeree "cause this civil action to be dismissed with prejudice as to all claims against Offeror." But paragraph 6 defines the claims to be resolved and specifically states, "This proposal is to settle and otherwise fully and completely resolve all claims asserted by Offeree against Offeror in this action." Albert B. Cassidy has no authority to cause the other plaintiffs' claims to be dismissed. It is clear that the Proposal was made only to Albert B. Cassidy and that the Proposal defines the claims to be resolved as those asserted in this action by Offeree (Albert B. Cassidy) against Offeror (Bright House).

The only reasonable interpretation of the Proposal is that it was not a joint offer to all the plaintiffs and did not require a dismissal of the claims by all the plaintiffs. Instead, the Proposal was directed to only Albert B. Cassidy. When read as a whole, there is no ambiguity that would reasonably affect Albert B. Cassidy's decision. See Nichols, 932 So. 2d at 1079. Thus, we reverse the trial court's order that denies Bright House's motion for attorney's fees and remand for further proceedings.

Reversed and remanded.


VILLANTI and BADALAMENTI, JJ., Concur.