DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOWER HILL SIGNATURE INSURANCE COMPANY,**
Appellant,

v.

**ALEX KUSHCH,**
Appellee.

No. 4D20-1966

[February 16, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Robinson, Judge; L.T. Case No. CACE18016752.

Daniel M. Schwarz and Kara Rockenbach Link of Link & Rockenbach, P.A., West Palm Beach, and Michael D. Ruel and Nicole M. Fluet of Galloway, Johnson, Tompkins, Burr & Smith, PLC, Fort Lauderdale, for appellant.

Jose P. Font of Font & Nelson, PLLC, Fort Lauderdale, for appellee.

LEVINE, J.

Tower Hill Signature Insurance Company ("Insurer") appeals a final order denying its motion for attorney's fees and costs. The Insurer argues that the trial court erred by finding its proposal for settlement was ambiguous. We agree. We also find that the trial court erred in denying costs. Therefore, we reverse and remand.

Alex Kushch ("Homeowner") filed a complaint against the Insurer for unpaid homeowner's insurance benefits. During the pendency of the lawsuit, the Insurer served a proposal for settlement on both the Homeowner and his wife. The wife accepted her proposal and dismissed her claims with prejudice. The Homeowner did not accept his proposal. The Homeowner was then served with a second proposal, which he also rejected.

The proposal provisions related to this appeal are as follows:

1. This Proposal for Settlement is made by Defendant, TOWER HILL SIGNATURE INSURANCE COMPANY, to Plaintiff, ALEX KUSHCH.

2. This Proposal for Settlement is to resolve any and all damages that would otherwise be awarded in a final judgment in this action, including any and all claims and causes of action giving rise to the above-styled lawsuit brought by Plaintiff, ALEX KUSHCH, against Defendant, TOWER HILL SIGNATURE INSURANCE COMPANY, and all potential claims for extra-contractual damages related to Claim No. 3300283404.

. . . .

5. This Proposal for Settlement does not include an amount for punitive damages, and Plaintiff's legal claim does not include punitive damages.

6. This Proposal for Settlement is exclusive of Plaintiff's claim for attorney fees and costs.

The release provisions relevant to this appeal are as follows:

In exchange for the above payment, **PLAINTIFF** releases and forever discharges **TOWER HILL** from any claim related to the Claim and Litigation. This Release also encompasses any and all claims for contractual damages, extra-contractual damages . . . punitive, exemplary or special damages, tort claims, any claims regarding or related to the handling of this claim by **TOWER HILL** . . . or other theory of recovery which may be alleged to have occurred as a consequence of the Claim or Litigation.

The payment set forth above is also in full and complete settlement, satisfaction, compromise, and discharge of any and all claims of whatever nature and kind **PLAINTIFF** may have raised or could have raised against **TOWER HILL** herein, including, without limitation, claims for damages . . . and any claims by any known or unknown assignments of benefits holders under the Policy related to the Claim and Litigation. . . .

2

In further consideration for the above payment, **PLAINTIFF** instructs his attorney to file a dismissal, with prejudice, of his claims in the action against **TOWER HILL** in the Litigation styled **ALEX KUSHCH and CONNIE KUSHCH V. TOWER HILL SIGNATURE INSURANCE COMPANY**, Broward County Case No. CACE-18-016752, with the Court to retain jurisdiction for the limited purposes of determining (1) entitlement to attorney fees and costs; and if determined, (2) amount of reasonable attorney fees and costs.

**PLAINTIFF** agrees to release, hold harmless, and indemnify **TOWER HILL**, and its principals, directors, officers, affiliates, agents, contractors, employees, and insurers, for valid claims made upon the proceeds paid by **TOWER HILL**.

. . . .

[T]he parties agree to maintain the facts and terms of this Release as confidential, and documents or information provided by the parties related to the Claim and Litigation, with the exception of any pleadings or documents filed with the court and to the extent that law, ordinance, or governing body requires, shall also be confidential.

Following the Homeowner's rejection of the proposal, the case proceeded to jury trial, and, ultimately, final judgment was entered in favor of the Insurer. The Insurer then filed a motion for attorney's fees and costs pursuant to the offer of judgment and prevailing party statutes. At the entitlement hearing, the Homeowner argued the proposal for settlement contained multiple ambiguities, precluding an award of attorney's fees under section 768.79, Florida Statutes (2020).

Initially, the Homeowner argued that the proposal and release were ambiguous because the proposal stated that it was exclusive of attorney's fees and costs, while the release stated that it resolved all claims related to the claim and litigation. The Homeowner further noted that his wife had pursued a motion for attorney's fees following the acceptance of her proposal, but the Insurer had not yet submitted to an order of entitlement. The Homeowner claimed that Tower Hill could not simultaneously argue that the Homeowner's proposal unambiguously provided that it was exclusive of fees while denying the wife's motion for fees. The Insurer responded that the proposal was unambiguously exclusive of fees and that it opposed the wife's motion for fees because the Insurer believed it to be

3

untimely, not because it disputed the wife's entitlement to fees under the proposal.

The Homeowner also argued that the proposal did not comport with the statutory and rule requirements governing punitive damages in proposals for settlement because it did not apportion an amount for punitive damages. There was no claim for punitive damages when the proposal was served. However, the Homeowner argued the Insurer should have known that he would pursue a claim for punitive damages upon recovery because the Homeowner had completed the statutory predicate to suing for punitive damages in a "bad faith" claim by filing a civil remedy notice with the state.

The Homeowner argued that he had no right to settle any assignments in the case, as they were irrevocable assignments to third parties. Additionally, the Homeowner generally referred to the confidentiality provisions present in the release as ambiguous or statutorily deficient.

The trial court denied the Insurer's motion for entitlement to fees and costs. The trial judge merely stated that the Insurer's motion was denied "because of the ambiguities and statutory deficiencies." A final order denied the Insurer's motion for attorney's fees, costs, and interest, stating that the proposal was "ambiguous" and "statutorily deficient."

In this appeal, the Insurer addresses the various issues which the Homeowner raised as potential ambiguities during the entitlement hearing: (1) attorney's fees, (2) punitive damages, (3) apportionment of punitive damages, (4) the Homeowner's wife's proposal for settlement, (5) the hold harmless, indemnity, and assignment provision, and (6) the confidentiality provision. We address each of these issues in turn.

## I. Proposal for Settlement

### Standard of Review

We review ambiguities in a proposal for settlement de novo. *Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011). "Rules 1.442(c)(2)(C) and (D), Florida Rules of Civil Procedure, provide that relevant conditions and all nonmonetary terms of the offer be stated with *particularity*." *Nichols v. State Farm Mut.*, 851 So. 2d 742, 746 (Fla. 5th DCA 2003). However, the rules do not demand that every potential ambiguity be solved; rather, the proposal must "be sufficiently clear and definite to allow the offeree to make an informed decision without

4

needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006).

### 1. Attorney's Fees

The Insurer argues that the Homeowner was mistaken in asserting that the proposal and release were inconsistent as to the inclusion of attorney's fees. The Homeowner argues ambiguity exists because some statements in the proposal extinguished all his future claims, while other statements held that the proposal was exclusive of attorney's fees and costs. The proposal read:

> 2. This Proposal for Settlement is to resolve *any and all damages* that would otherwise be awarded in a final judgment in this action, including any and all claims and causes of action giving rise to the above-styled lawsuit brought by Plaintiff, ALEX KUSHCH, against Defendant, TOWER HILL SIGNATURE INSURANCE COMPANY, and all potential claims for extra-contractual damages related to Claim No. 3300283404.
>
> . . . .
>
> 6. This Proposal for Settlement is exclusive of Plaintiff's claim for attorney fees and costs.

(emphasis added). The accompanying release stated: "In exchange for the above payment, **PLAINTIFF** releases and forever discharges **TOWER HILL** from any claim related to the Claim and Litigation. . . ." The release also instructed that the trial court "retain jurisdiction for the limited purposes of determining (1) entitlement to attorney fees and costs; and if determined, (2) amount of reasonable attorney fees and costs."

We agree with the Insurer that these statements did not create an ambiguity. Proposals for settlement must be reviewed as a whole. *Kiefer v. Sunset Beach Invs., LLC*, 207 So. 3d 1008, 1011 (Fla. 4th DCA 2017). When read as a whole, the Homeowner was required to release all claims against the Insurer arising out of this claim and litigation, *except* for those relating to attorney's fees and costs.

*Kiefer* is instructive. Following a rejected proposal for settlement and a judgment in defendant Kiefer's favor, Kiefer moved for attorney's fees based on the rejected proposal. *Id.* at 1009-10. All the paragraphs except two referred to the defendant Kiefer as the defendant to be dismissed from

suit following settlement. *Id.* at 1010. Two paragraphs of the proposal did not specifically address which defendant was to be released by the settlement. *Id.* This court reversed the trial court's finding of ambiguity, determining that the proposal and release *as a whole* were not ambiguous. *Id.* at 1011. The remainder of the proposal and release referred to the defendant serving the proposal by name, and nothing in the proposal referenced the other co-defendants. *Id.* This court concluded that "[w]hen the proposal for settlement and release are read as a whole, these two paragraphs do not create an ambiguity." *Id.* at 1012.

Similarly, here, when read as a whole, the proposal extinguished any claim that was not a resulting attorney's fee claim. Both the Homeowner and the trial court were "nit-picking" the Insurer's proposal by finding the proposal ambiguous with respect to attorney's fees. *See id.* at 1011 ("[P]arties should not 'nit-pick' the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could 'reasonably affect the offeree's decision' on whether to accept the proposal for settlement.") (citation omitted).

Further, whenever possible, all statements in a proposal for settlement should be read together to give effect to every statement. *See World Vacation Travel, S.A., de C.V. v. Brooker*, 799 So. 2d 410, 412 (Fla. 3d DCA 2001) ("All the various provisions of a contract must be so construed, if it can reasonably be done, as to give effect to each.") (citation omitted). To read this proposal as being inclusive of attorney's fees would render meaningless the statements in both the proposal and release reserving jurisdiction to determine entitlement to attorney's fees and costs. Thus, the proposal was not ambiguous by making the proposal exclusive of attorney's fees and costs.

### 2. Punitive Damages

The Insurer argues that the proposal for settlement was not rendered ambiguous by including punitive damages and the Homeowner's possible bad faith claim. The Homeowner argues that requiring him to release a claim for punitive damages, when such was not claimed in the lawsuit, rendered the proposal ambiguous. The release attached to the proposal required the Homeowner to release any claims for punitive damages "regarding or related to the handling of *this* claim by **TOWER HILL** . . . which may be alleged to have occurred as a consequence of the Claim or Litigation." (italics added). The Homeowner had not yet brought a claim for punitive damages when the proposal was served.

6

We agree with the Insurer that including punitive damages in the release did not create an ambiguity. An offeree cannot be required to relinquish future claims as part of a proposal for settlement. *Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289, 1290 (Fla. 4th DCA 2001). However, this release required the Homeowner to release only those punitive damage claims arising out of the current claim and lawsuit. As stated by the First District:

> [A]ny release executed as a consequence of a settlement would certainly include the potential unpled claim for punitive damages. Here, although the language may require releases for claims not raised or set forth in the pleadings, it does so only to the extent those claims would arise from the facts giving rise to the underlying litigation.

*Ambeca, Inc. v. Marina Cove Village Townhome Ass'n*, 880 So. 2d 811, 813 (Fla. 1st DCA 2004).

By limiting the release of punitive damages to those arising out of the current claim and lawsuit, the Insurer avoided any potential ambiguity. We find no ambiguity in releasing claims for punitive damages related to a current claim in litigation, even if punitive damages were not yet claimed in the lawsuit.

### 3. Apportionment of Punitive Damages

The Insurer argues that it was not required to apportion an amount for punitive damages in the proposal because there was no existing claim for punitive damages in the lawsuit. The Homeowner responds that apportionment was necessary because the Insurer knew the Homeowner would pursue punitive damages as evidenced by his filing of a prerequisite civil remedy notice with the state.[1]

We agree with the Insurer. Florida Rule of Civil Procedure 1.442(c)(2)(E) requires an offeror to "state with particularity the amount proposed to

---

[1] We note that the Homeowner's argument appears to contradict his prior argument as it relates to punitive damages. Previously, the Homeowner argued that requiring him to release a claim for punitive damages rendered the proposal ambiguous since punitive damages had not been claimed. Then, the Homeowner argued that the Insurer should have apportioned punitive damages in the proposal for settlement because the Insurer should have known that he would pursue a claim for them. The tension between the two renders these arguments facially inconsistent.

settle a claim for punitive damages, *if any*." (emphasis added). Section 768.79 also states this requirement. However, this applies to actual pending claims for punitive damages. *See R.J. Reynolds Tobacco v. Ward*, 141 So. 3d 236, 237-38 (Fla. 1st DCA 2014). "[T]he proposal must be reviewed at the time it was offered." *Saenz v. Campos*, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007). "Both the statute and the rule require the offeror to state with particularity the amount proposed to settle any claim for punitive damages . . . *whenever such a claim exists*." *Ward*, 141 So. 3d at 237-38 (emphasis added) (footnotes omitted). At the time the proposal was served, there was no claim for punitive damages. Thus, the proposal was not ambiguous for not having apportioned punitive damages when such damages were not claimed.

### 4. The Wife's Separate Proposal for Settlement

The Insurer argues that there were no ambiguities present by the wife's acceptance of the Insurer's proposal for settlement to her. The Homeowner stated at the entitlement hearing that there were "a series of patent ambiguities, vis-a-vi[s] the [wife's] corresponding proposal for settlement." Florida Rule of Civil Procedure 1.442(c)(3) requires that "[a] joint proposal shall state the amount and terms attributable to each party." A joint proposal is one that is offered to more than one person or that is offered from more than one person. *See generally Audiffred v. Arnold*, 161 So. 3d 1274, 1279 (Fla. 2015). Each party to a joint settlement must be afforded "independent control over the decision to settle." *Id.*

In this case, the Homeowner and his wife received separate proposals for settlement. Each party was afforded independent control over his or her decision to settle, as evidenced by the fact that the wife accepted her proposal, while the Homeowner rejected his. As the proposals were separate and not joint, the Insurer had no responsibility to apportion the amounts attributed to both the Homeowner and his wife. Thus, there is no ambiguity present by the wife's acceptance of the Insurer's proposal to her.

### 5. Hold Harmless Provision

The Insurer argues that the hold harmless and indemnity provisions did not create any ambiguity in the proposal for settlement. The Homeowner counters that the indemnity clause created an ambiguity by referring to someone other than the offeree.

The proposal for settlement required the Homeowner to release any claims the Homeowner "may have raised or could have raised against

**TOWER HILL** herein, including . . . any claims by any known or unknown assignments of benefits holders under the Policy related to the Claim and Litigation." Additionally, the Homeowner had to "release, hold harmless, and indemnify **TOWER HILL**, and its principals, directors, officers, affiliates, agents, contractors, employees, and insurers, for valid claims made upon the proceeds paid by **TOWER HILL**." At the hearing, the Homeowner's attorney claimed that the Homeowner "had no right as it related to partial assignments that were had in this case." We disagree.

*American Integrity Insurance Co. of Florida v. Branford*, 312 So. 3d 91 (Fla. 4th DCA 2021), offers guidance on this issue. The release in *Branford* required the offeree to release claims "on her own behalf, and on behalf of her agents, heirs, spouses, successors, *assigns*, executors, administrators, representatives, attorneys, and any other person or entity purportedly claiming any rights through her." *Id.* at 93 (emphasis added). On appeal of the trial court's denial of the insurer's motion for fees under the offer of judgment statute based on ambiguity, this court reversed, reasoning that:

> [T]he word "assigns" in the line of the standard release defining the plaintiff or "releasor" as including "assigns" and the like, does not create an ambiguity due to the plaintiff's preexisting assignment of benefits to the third party. The only reasonable interpretation of the proposal and release—read together as a whole—is expressly limited to resolving the claims which the plaintiff asserted or could have asserted in the underlying lawsuit.

*Id.* at 97.

Similarly, here, the Insurer's proposal and release were very specifically limited to resolving the claims asserted, or those claims which could have been asserted, in the instant litigation. The proposal was served to "resolve any and all damages that would otherwise be awarded in a final judgment in this action, including any and all claims and causes of action giving rise to the above-styled lawsuit." The release also specified the case name and number as well as named the parties to be released. The only reasonable interpretation was limited to resolving those claims which the Homeowner asserted or could have asserted in this underlying lawsuit.

### 6. Confidentiality Provision

Finally, the Insurer argues that the inclusion of a confidentiality provision did not render the proposal ambiguous. The Homeowner argues

that the confidentiality provision in the proposal was "patently ambiguous and overbroad on its face since it failed to duly specify: the information and documentation that was jointly in control of the co-offerees or third parties; and/or the resulting obligations and liabilities arising from a breach thereof by the offeree, co-offeree, or related third-parties" which would be in violation of *Swartsel v. Publix Supermarkets, Inc.*, 882 So. 2d 449 (Fla. 4th DCA 2004).

In *Swartsel*, we required that "an offeror state all the terms of any 'confidential settlement agreement' and any 'general release' or, instead, attach a copy of the actual documents themselves to the offer." *Id.* at 453. This requires a statement of "what is being made confidential, who is covered by the confidentiality, whether there is any period to the confidentiality, and what the remedies are in the event of a breach." *Id.* However, the Florida Supreme Court in *Nichols* later clarified "that a summary of the proposed release can be sufficient to satisfy rule 1.442, as long as it eliminates any reasonable ambiguity about its scope." *Nichols*, 932 So. 2d at 1079.

The Insurer's proposal in this case required that

> the parties agree to maintain the facts and terms of this Release as confidential, and documents or information provided by the parties related to the Claim and Litigation, with the exception of any pleadings or documents filed with the court and to the extent that law, ordinance, or governing body requires, shall also be confidential.

Because the confidentiality provision specified that it related to the facts and terms of the release, and documents or information provided by the parties related to the claim and litigation, it was sufficiently specific enough to render the proposal for settlement unambiguous. The proposal referenced only the parties involved and the instant litigation. Both the proposal for settlement and the confidentiality provision did not extend to anything outside of this claim and litigation. Even if this release is considered "broad," a "broad" release in and of itself does not render a proposal ambiguous. *Costco Wholesale Corp. v. Llanio-Gonzalez*, 213 So. 3d 944, 947 (Fla. 4th DCA 2017). Rule 1.442 governing proposals for settlement "aims to prevent ambiguity, not breadth." *Nichols*, 932 So. 2d at 1079. No matter how broad or comprehensive, the confidentiality agreement in this case was not ambiguous.

10

## II. Costs

The Insurer also argues that the trial court erred in denying its motion to tax costs pursuant to section 57.041. We review a trial court's award of these costs de novo. *Sherman v. Sherman*, 279 So. 3d 188, 190 (Fla. 4th DCA 2019). This section states, "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." § 57.041, Fla. Stat. (2020). "Where costs are sought based on section 57.041(1), a trial court has *no discretion* to deny the party obtaining judgment its lawful costs." *Roberts v. Third Palm, LLC*, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020) (emphasis added). Thus, as an award of these costs is not discretionary, we also reverse and remand to the trial court for taxation of costs in favor of the Insurer pursuant to section 57.041.

In summary, we find that the trial court erred in finding the proposal for settlement ambiguous. As such, we reverse and remand to the trial court for a determination of attorney's fees under section 768.79. We also reverse and remand for a determination of costs under section 57.041.

*Reversed and remanded with instructions.*

MAY, J., concurs.
GERBER, J., concurs specially with opinion.

GERBER, J., concurring specially.

I fully concur in my colleague Judge Levine's well-reasoned opinion. I write separately to raise a point which I first raised over eleven years ago and still holds true today.

In *Land & Sea Petroleum, Inc. v. Business Specialists, Inc.*, 53 So. 3d 348, 353 (Fla. 4th DCA 2011), yet another case in a long line of cases addressing whether a proposal for settlement was ambiguous, I wrote for the court:

> This case adds to the growing list of cases addressing the alleged ambiguity of a proposal for settlement. We believe this issue continues to arise because neither section 768.79 nor rule 1.442 requires the offeree to notify the offeror when the offeree considers a proposal to be ambiguous. Requiring parties to resolve ambiguities in proposals for settlement upon service of the proposals would better serve the purpose for which the statute and rule were intended, that is, "to

11

encourage litigants to resolve cases early to avoid incurring substantial amounts of court costs and attorney's fees." *Eagleman v. Eagleman*, 673 So. 2d 946, 947 (Fla. 4th DCA 1996). If the legislature and our supreme court were to amend the statute and the rule to include such a requirement, then perhaps the ambiguity issue would arise less often. *See Nichols*, 932 So. 2d at 1078 ("'A proposal for settlement is intended to end judicial labor, not create more.'") (citation omitted). We encourage The Florida Bar's civil rules committee to consider proposing such an amendment.

*Id.* at 356 n.1.

My colleague Judge Damoorgian wrote a specially concurring opinion supporting my view:

I concur and write only to emphasize Judge Gerber's point that the offeree should be required, by statute or rule, to notify the offeror of any real or perceived ambiguity in a proposal for settlement. The very notion that ambiguity can be raised as a defense after the time for acceptance of the offer has passed makes no sense. This "gotcha" tactic has plagued the courts for far too long and is a waste of judicial resources. The fix is quite simple. If the offeree does not specifically identify the ambiguity within a fixed period of time from the date of the offer, any objection based on ambiguity is waived.

*Id.* at 356.

More than eleven years have passed, during which no amendment has occurred. Thus, history repeats itself yet again in this case, as it has in many other cases, and will likely continue to do so into the future.

Once more, I encourage The Florida Bar's civil rules committee, if not the Florida Supreme Court, to consider proposing an amendment to section 768.79 and rule 1.442 requiring that, if the offeree does not specifically identify an ambiguity in a proposal for settlement within a fixed period of time from the proposal's service, any ambiguity objection should be deemed waived.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***