# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0385
Lower Tribunal No. 2015-CA-001971

_____

SECURITY FIRST INSURANCE COMPANY d/b/a SECURITY FIRST FLORIDA,

Appellant,

v.

DOMINICK CINCOTTA and DOMINICK CINCOTTA o/b/o AUREA CINCOTTA, deceased, and COCHRAN INSURANCE, INC.,

Appellees.

_____

Appeal from the Circuit Court for Osceola County.
Tom Young, Judge.

December 23, 2025

COHEN, K.S., Associate Judge.

Security First Insurance Company d/b/a Security First Florida ("Security First") appeals an order denying its motion for entitlement to attorney's fees. The trial court found that Security First's proposal for settlement ("PFS") was ambiguous and, therefore, failed to comply with section 768.79, Florida Statutes, and Florida Rule of Civil Procedure Rule 1.442.

Security First raises two issues on appeal: (1) that the trial court failed to properly analyze the proposal as a whole to determine whether it was ambiguous, and (2) that the trial court denied Security First due process by *sua sponte* identifying a potential ambiguity in the PFS which was not specifically raised by the insureds. We agree with Security First that the trial court failed to interpret the PFS as a whole and that, when read in context, the PFS was unambiguous.[1] Accordingly, we reverse the trial court's order denying Security First's entitlement to attorney's fees and remand for further proceedings to the trial court to determine the amount of reasonable attorney's fees to be awarded to Security First.

**BACKGROUND**

Dominick Cincotta and Aurea Cincotta ("the Cincottas") purchased home insurance from Security First in 2014 through an insurance agency, Cochran Insurance Inc. ("Cochran"). After the Cincottas reported a fire loss to their home, Security First investigated and determined that the Cincottas failed to disclose on their application for coverage a 2013 fire loss to their property and the prior non-renewal of their insurance policy based on that previous fire loss. As a result of these omissions, Security First rescinded the policy issued to the Cincottas and denied coverage for the fire loss.

---

[1] We reject the due process argument raised by Security First without further discussion.

2

The Cincottas sued both Security First and Cochran. However, the claim against Cochran was abated and the lawsuit proceeded against Security First on the question of coverage. In July 2019, Security First served the PFS on Dominick Cincotta, which stated:

1. The party making the proposal is Security First Insurance Company ("Security First"). The party to whom the proposal is being made is Dominick Cincotta.

2. This proposal resolves all damages that would otherwise be awarded to Dominick Cincotta in a final judgment in this action except for attorney's fees and costs as set forth below.

3. As a condition to this proposal, should this proposal be accepted, Dominick Cincotta agrees that he waives any causes of action for any bad faith claims handling violations or for extracontractual damages.

4. Security First proposes to pay Dominick Cincotta the amount of $5,000.00.

5. As a non-monetary term, if Dominick Cincotta accepts this proposal; by such acceptance, he stipulates as follows: Dominick Cincotta had a 50% interest in the total insurance claim presented by him and his wife and by accepting payment of $5,000.00, he resolves 50% of the total claim presented by both insureds, with the exception of any claims by his counsel for attorney's fees and costs.

6. As an additional non-monetary term, Dominick Cincotta shall cause to be filed a dismissal of his claim against Security First with prejudice, within twenty (20) days of settlement funds clearing, preserving jurisdiction solely as to attorney's fees and costs.

3

7. This payment proposed by Security First is inclusive of any punitive, compensatory or other damages, as well as any pre- or post- judgment interest.

8. This Proposal does not include the claim for attorney's fees or taxable costs. Attorney's fees are part of Dominick Cincotta's claim.

The PFS served on Aurea Cincotta was identical in all relevant respects. The Cincottas did not timely accept either PFS.

Security First moved for summary judgment and the trial court entered judgment in its favor, reserving jurisdiction as to attorney's fees and costs. The Cincottas appealed the judgment to this Court, but the appeal was dismissed due to the Cincottas' failure to file an initial brief.

Following dismissal of the appeal, Security First moved for entitlement to attorney's fees and costs under sections 768.79 and 57.041, and rules 1.442 and 1.525. In opposition, the Cincottas argued that the PFS was facially invalid because it (1) failed to specify whether attorney's fees were part of the Cincottas' legal claim; (2) did not address punitive damages; and (3) was "generally ambiguous" because, in part, it did "not specify if Defendant Security First intends to resolve all damages as to itself and Defendant Cochran, or just those claims against Defendant Security First, individually." In addition to these arguments relating to the form and content of the PFS, the Cincottas claimed Security First was not entitled to fees because the PFS was unreasonable given the magnitude of the damage to the Cincottas' home,

4

and was not made in good faith by Security First. The Cincottas also argued in equity that it would be "unnecessarily punitive" to require them to pay fees and costs to Security First because they claimed that they were required to proceed against Security First in order to sue Cochran.

The trial court heard the motion for entitlement on December 5, 2023. At the conclusion of the hearing, the trial court found that Security First was the prevailing party and, therefore, entitled to its costs. However, the court denied the motion as it relates to Security First's entitlement to attorney's fees. In reaching its decision, the trial court stated it was "hung up" on the language in Paragraph 2 of the PFS. Since there were two defendants in this action, the trial court found that it was "unclear whether Security First is requiring the Cincottas to give up their claims against Cochran as part of this." Although the trial court found that the other provisions of the PFS were unambiguous, because it found Paragraph 2 to be "vague," the trial court concluded that the PFS was unenforceable. The trial court did not find merit in any of the remaining arguments made by the Cincottas as to the enforceability of the PFS.

On January 30, 2024, the trial court issued a written order denying Security First's motion for entitlement to attorney's fees. Security First timely appealed.

5

## ANALYSIS

"The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (citing *Frosti v. Creel*, 979 So. 2d 912, 915 (Fla. 2008)); *see also Ehlert v. Castro*, 330 So. 3d 41, 44 (Fla. 4th DCA 2021). Likewise, whether a PFS is ambiguous is also subject to de novo review. *Advantage Limousine, LLC v. Koutsos*, 381 So. 3d 653, 655 (Fla. 2d DCA 2024).

Section 768.79, Florida Statutes (2019), "creates a substantive right to attorney's fees upon the occurrence of certain specified conditions, and Florida Rule of Civil Procedure 1.442 provides the procedural framework to implement those statutory requirements." *Infinity Auto Ins. Co. v. Miami Open MRI, LLC*, 413 So. 3d 267, 272 (Fla. 3d. DCA 2025) (citing *USAA Cas. Ins. Co. v. Health Diagnostics of Fort Lauderdale, LLC*, 388 So. 3d 1064, 1068 (Fla. 3d DCA 2024)).

Section 768.79(1) states, in relevant part, that:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer . . . .

Section 768.79(2) requires that an offer of judgment must:

> (a) Be in writing and state that it is being made pursuant to this section.

> (b) Name the party making it and the party to whom it is being made.

6

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

Rule 1.442 requires that a proposal for settlement be in writing, identify the Florida law under which it is being made, and:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and

(G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1.442(c).

A settlement proposal "must be sufficiently clear and free of ambiguity to allow the offeree the opportunity to fully consider the proposal." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).  Nevertheless, the rule does not require the elimination of every ambiguity:

7

> We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement [of rule 1.442(c)(2)(C)-(D)].

*Id*; *see also United Cab of Broward, LLC v. Muller,* 397 So. 3d 80, 84 (Fla. 4th DCA 2024) ("[N]ot every ambiguity will invalidate a PFS: only ambiguities that 'could reasonably affect the offeree's decision' to accept." (citation omitted)). Because proposals "are intended to end judicial labor, not create more" the courts are "discouraged from 'nitpicking' proposals for settlement to search for ambiguity." *Allen*, 258 So. 3d at 1211; *see also Ehlert*, 330 So. 3d at 44. Rather, courts are required "to use reason and common sense and interpret the offer as a whole to avoid unreasonable results." *Infinity Auto Ins. Co.*, 413 So. 3d at 272 (quoting *Harris Specialty Chems., Inc. v. Punto Azul S.A. de C.V.*, 12 So. 3d 809, 810 (Fla. 3d DCA 2009)).

"A proposal for settlement, as any other contract, must be read as a whole to determine whether it is ambiguous." *Bright House Networks, LLC v. Cassidy*, 242 So. 3d 456, 460 (Fla. 2d DCA 2018); *see also Kiefer v. Sunset Beach Invs., LLC*, 207 So. 3d 1008, 1011 (Fla. 4th DCA 2017) ("[P]roposals for settlement are to be interpreted by the same principles governing the interpretation of contracts."). Courts are to look at the entirety of the proposal to determine if an ambiguity exists.

8

*See Allen*, 258 So. 3d. at 1217 (finding that a proposal was unambiguous based on the "well-established principle that the intention of the parties must be determined from an examination of the entire contract and not from separate phrases or paragraphs." (citation omitted)).

The question before this Court is whether the PFS, when read in its entirety and in context was "sufficiently clear and free of ambiguity" to inform the Cincottas that it was not requiring the release of the Cincottas' claims against Cochran. *Id*. at 1211.  It was.

Here, the trial court improperly focused on Paragraph 2 of the PFS.  Even if Paragraph 2, in isolation, is vague as to the effect on the Cincottas' claims against Cochran, the PFS in its entirety is clearly and unambiguously limited to the claims against Security First.  Indeed, paragraph 1 of the PFS explicitly states that Security First is "[t]he party making the proposal."  In Paragraph 4, Security First proposes to pay $5,000.00 to the Cincottas.  Paragraph 6 only requires the dismissal of the "claim against Security First with prejudice" after settlement funds have cleared.  Nothing in Paragraph 6 requires the dismissal of the Cincottas' claims against Cochran.  In fact, Cochran is not mentioned anywhere in the PFS.  Accordingly, when the PFS is viewed in its entirety, it would be unreasonable for the Cincottas to read the PFS as extending to Cochran.

9

Our decision is in accord with several cases from our sister courts finding that a proposal was not ambiguous in similar circumstances. *See Infinity Auto Ins. Co.*, 413 So. 3d at 275 (rejecting argument that the proposal could be read as seeking to extinguish a separate pending claim between another provider and Infinity Auto where "the proposal for settlement expressly stated its intent to resolve the underlying lawsuit between Miami Open and Infinity Auto, and no language . . . conflicts with or contradicts that express intention."); *Bright House Networks, LLC*, 242 So. 3d at 460 (holding that "[t]he only reasonable interpretation of the Proposal is that it was not a joint offer to all the plaintiffs and did not require a dismissal of the claims by all the plaintiffs."); *Kiefer*, 207 So. 3d at 1012; *Alamo Financing, L.P. v. Mazoff*, 112 So. 3d 626, 629 (Fla. 4th DCA 2013) (finding that a proposal was unambiguous as to the party being released where it "named only Alamo Financing as the party making the proposal," and only sought dismissal of claims against Alamo).

*Kiefer* is instructive here. In *Kiefer*, a real estate developer ("Sunset Beach") asserted professional negligence claims against several separate defendants including Michael Kiefer. 207 So. 3d at 1009. After Kiefer prevailed on summary judgment, he moved for attorney's fees based on a rejected proposal he served on Sunset Beach. *Id.* at 1010. Even though the proposal explicitly stated that it was "made by" Kiefer and "directed to" Sunset Beach, the trial court found that the

10

proposal was ambiguous as to the parties that it covered based on two paragraphs contained in the release that were not, on their face, specifically limited to Kiefer and Sunset Beach. *Id*.

The Fourth District reviewed *de novo* the language of the proposal and held that "[w]hen the proposal for settlement and release are read as a whole, these two paragraphs do not create an ambiguity." *Id*. at 1012. The court also found that all nine paragraphs of the proposal "clearly relate solely to Kiefer and Sunset Beach." *Id*. at 1011. It further explained that the two paragraphs not specifically limited were "in between other paragraphs of the release that state: (1) Kiefer and Sunset Beach wish to resolve all claims; (2) Kiefer will pay a sum to Sunset Beach in exchange for his dismissal; (3) Sunset Beach would release Kiefer; and (4) Sunset Beach would file a dismissal as to Kiefer." *Id*. Accordingly, the Fourth District reversed the trial court's order denying the motion for attorney's fees. *Id.* at 1012.

In *Kiefer*, like in this case, Paragraphs 1, 4 and 6 of the PFS explicitly identify Security First as the party making the proposal, the party paying the settlement amount, and the party that would be dismissed if the Cincottas accepted the proposal. Just as in *Kiefer*, the trial court found an ambiguity in one paragraph. However, the trial court disregarded the fact that Paragraph 2 was sandwiched in between several paragraphs that unmistakably limit the PFS to Security First. Because it considered Paragraph 2 in isolation and did not consider the PFS in its entirety and in context,

11

the trial court erroneously determined that the PFS was ambiguous and unenforceable.

## CONCLUSION

For these reasons, we conclude that, the PFS, when read in its entirety and in context, was "sufficiently clear and free of ambiguity" to inform the Cincottas that it did not require the release of their claims against Cochran.  Therefore, we reverse the order denying Security First's entitlement to attorney's fees pursuant to section 768.79 and rule 1.442, and remand to the trial court to determine the amount of reasonable attorney's fees to be awarded to Security First.

REVERSED and REMANDED with instructions.

WHITE and SMITH, JJ., concur.


Mihaela Cabulea and William B. Collum, of Butler, Weihmuller Katz Craig, LLP, Tampa, for Appellant.

Joseph M. DeFranco, of The Claim Professionals Law Firm, LLC, Orlando, for Appellees, Dominick Cincotta and Dominick Cincotta o/b/o Aurea Cincotta, deceased.

No Appearance for Appellee, Cochran Insurance, Inc.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED